EZRA P. HOYT, appellant,

*v.*

WILLIAM S. HANCOCK, comptroller, respondent.

[Filed September 5th, 1903.]

1. By a will which took effect while the provisions of the Collateral Inheritance Tax act of 1893 were in force, testator created a fund, the income of which was payable to a sister for life, with a power of appointment of the principal by her will. By her will, which took effect in 1895, the life beneficiary appointed the principal to be paid to her husband, who survived her.—*Held*, (1) that the interest of the husband must be considered as having been acquired as of the time the instrument creating the power of appointment took effect; (2) that such interest was taxable under the provisions of the act of 1893, and could be appraised by an appraiser appointed by a surrogate, when it became vested by the will of the donee of the power.

2. The act of 1893 was repealed by the Collateral Inheritance Tax act of 1894, except so far as its provisions were re-enacted in the latter act, and the repealer was declared not to surrender any remedies, powers, rights or privileges acquired by the state under any previous act.—*Held further*, (3) that the state's right to tax the interest acquired by the husband remained unrepealed, and could be enforced.

On appeal from assessment under the Collateral Inheritance Tax act.

*Mr. Alvah A. Clark,* for the appellant.

The Attorney-General, for the respondent.

MAGIE, ORDINARY.

By the will of Warren Ackerman, deceased, who died August 26th, 1893, domiciled in Union county, the residue of his estate was committed to trustees to divide it into as many shares as he might have brothers, sisters, nephews and nieces, who should survive him, and to set apart for each of them one of such shares, and pay the income thereof to him or her during his or her natural life, and on the death of any such brother, sister, nephew or niece, to pay the principal of said share as he or she might direct by his or her duly executed will and testament.

Mary S. Hoyt, a sister of the deceased and the wife of Ezra B. Hoyt, survived the testator and died on March 25th, 1895, leaving a last will, by which she appointed her said husband as the person to receive the principal of her share under the provisions of the will of Warren Ackerman.

In December, 1895, the surrogate of the county of Union had an appraisal and assessment made upon the estate of the appellant, which he acquired under the appointment of his wife's will. Appellant protested against the assessment and prosecutes this appeal to vacate it and set it aside.

It is conceded by counsel, and is undoubted law, that the interest which Ezra P. Hoyt took by such appointment is related back and referable to the instrument which conferred the power of appointment, which instrument was the will of Warren Ackerman, which took effect August 26th, 1893.

At that time the Collateral Inheritance Tax act of 1893 (*P. L. of 1893 p. 367*) was in force. If the death of the testator had antedated the act of 1893, the provisions of that act would not have operated to impose a tax upon the interest which Ezra P. Hoyt acquired by the appointment, for that interest is to be considered as acquired at the time of the will taking effect. Such was the decision of the court of appeals of New York under similar legislation. *In re Harbeck, 161 N. Y. 211.*

But since the testator's will took effect while the provisions of the act of 1893 were in full force, the first question is whether, by those provisions, the tax now complained of can be enforced.

Appellant's counsel first points out that the second section of

the act of 1893 does not provide for such a case as that now before us, and this is quite correct. That section is wholly inapplicable to this case. It is the first section of the act upon which the state must rely to sustain this tax, and there can be no question that it does cover the case, unless the further contention of counsel is effective. That contention is that the act does not provide for the imposition of a tax which cannot be determined at the death of the testator, and this contention is put upon the language of the fourth section of the act, providing that all taxes imposed by this act shall be due and payable at the death of the testator. But this contention cannot prevail. It ignores the phrase contained in that section that the tax imposed by the act shall be due and payable at the death of the testator unless otherwise provided. It also fails to take account of the provision of section 13, to the effect that, in order to fix the value of property subject to the tax, the surrogate, or register of the prerogative court, shall "appoint an appraiser as often as and whenever occasion may require." Legislation substantially identical with the act of 1893 was enacted in New York, and its construction came before its court of appeals. The conclusion reached was that the provisions of section 4 did not indicate a legislative intention to exclude from this form of taxation interests arising under such testamentary provisions, nor prevent such a construction of section 13 as would bring such a case as that now before me within the provisions of the act. *In re Stewart, 131 N. Y. 274.*

This conclusion is reasonable, and I do not hesitate to adopt it and apply it to the construction of the act of 1893.

If, therefore, the act of 1893 continued in force up to the date of the imposition of this tax, I entertain no doubt that the tax should be upheld.

But the act of 1893 was superseded and repealed by the Collateral Inheritance Tax act, approved May 15th, 1894. *P. L. of 1894 p. 318.* If the repealer was without any saving clause, there could be no doubt that the tax in question would be invalid, because such a repealer would abolish the machinery by which the assessment could be laid, and such special taxes

as these can only be imposed by the machinery provided by the legislature.

But the repealer of the act of 1893 was not without a saving clause.  The repealer was of all acts or parts of acts inconsistent with the provisions of the act of 1894 "except so far as herein re-enacted," and the provisions for the imposition of the assessment were all practically re-enacted.  Besides, by the provisions of section 23, in which the repealer is contained, there was a saving clause.  The language of it is not happily chosen, but, in my judgment, the proper construction is that the repealer should not be considered "to surrender any remedies, powers, rights or privileges acquired by the state under any act heretofore passed."  Under the construction I have given to the act of 1893, a right was acquired by the state to impose a tax upon the interest acquired by one who was appointed by the will of the life beneficiary to receive a share of a fund under a power of appointment.  By that act the state acquired power to enforce the right thus obtained.  The act further provided remedies for the enforcement of that right.  When the legislature saved the rights and powers and remedies of the state under previous acts, I think the repealer in no respect deprived the state of power to enforce such a tax.

It results that the assessment must be affirmed.