On October 19th, 1922, Jay Gould entered into a trust agreement with Commercial Trust Company of New Jersey *Page 291 
and S. Neilson Rice as trustees. This agreement was amended on November 10th, 1922. (It is not necessary to set out the entire provisions of these trust agreements for the purposes of this case.) By this trust Jay Gould reserved the right to receive the income of the funds set up during his lifetime. Upon his death the principal of the trust fund was to be paid to the lawful descendants of the said Jay Gould as designated by his will or, if he failed to so designate, then the fund was to be paid to his descendants per stirpes and not per capita. Mr. Gould died January 26th, 1935, testate, a resident of Ocean county, New Jersey, where his will was probated. He did not exercise the power of designation in his will, as he had the right to do under the trust agreement. The trust fund, therefore, vested at his death in his three children, Eleanor Gould Stevens, Anne Gould Meador and Jay Gould, Jr. The trust agreement also provided that Jay Gould might by will charge the trust fund with the payment of the income or any part thereof for the use and benefit of his wife during her lifetime or for any shorter period. This power, under the trust agreement, was exercised by him under paragraph 9 of his will as follows:
"* * * I hereby charge the principal of the trust fund created in and by said agreement, with the payment of the entire income therefrom, accruing thereon, after my death, for the use and for the benefit of my wife, Anne G. Gould, during her life, and I direct that all the said income from the principal of said trust fund be paid to her accordingly."
Anne G. Gould is now Anne Gould Strotz. It, therefore, appears that the trust fund set up by Jay Gould in 1922 reserved to himself the income for life, and after his death by his will the income to his wife, now Anne Gould Strotz, with vested remainders in the principal of said trust fund in his three children, Eleanor Gould Stevens, Anne Gould Meador and Jay Gould, Jr. Jay Gould by his will made certain cash bequests aggregating $30,000 and set up two trust funds of $50,000 each to Margaret and Peggy May McGrew. The will also set up a trust fund with respect to stock of the Furlow Development Company, made specific *Page 292 
bequests of his household goods, furniture and personal belongings and left the residue of his estate in trust for his wife for life with remainder to his children.
The complainants filed the bill in this case praying for instructions as to their duties as trustees under the deed of trust dated October 19th, 1922, as amended, relative to the payment of the federal estate taxes and the New Jersey inheritance and transfer taxes which have been assessed against the estate and for which the executor under the will of said Jay Gould has demanded payment of the trustees in writing. The demand made by the executor is for the payment of the portion of said taxes which may be assessed against the principal of the trust fund in the hands of the trustees. The bill also asks for instructions as to the method, manner and source of payment of said taxes against the various rights, titles and interests of the estate. The taxing authority of New Jersey included in the gross estate of the said decedent, the principal of the trust fund amounting to $1,126,174.78 and fixed the inheritance tax at $45,101.12, and on said fund a compromise tax on the contingent legacies of $2,719.38, making a total of $47,820.50. It was estimated at the hearing that based on the values placed by the New Jersey taxing authorities the federal tax would amount to about $188,000.
The will of Jay Gould contained the following clause, the effect of which clause is important in this case, to wit:
"Eighteenth: I direct that all transfer, inheritance and estate taxes which may be imposed upon my estate be paid out of the principal of my residuary estate."
It might also be well to mention here that the fourteenth clause of the trust agreement provided as follows:
"Fourteenth: It is the intention of the parties hereto that this instrument and all questions as to the construction, validity, effect and administration thereof shall be governed by the laws of the State of New York."
It is contended by the executor and not seriously disputed by the other parties to this suit that if the executor must *Page 293 
pay the transfer inheritance taxes and the estate taxes without contribution from the trustees of the trust fund, the estate of Jay Gould will be insolvent.
An examination of the statutes of this state relative to transfer inheritance taxes discloses that administrators, executors, trustees, grantees, donees and vendees shall be personally liable for any and all such taxes until the same have been paid and that any administrator, executor or trustee having in charge or trust any legacy or property for distribution, subject to said tax, shall deduct the tax therefrom, or if the legacy or property be not money he shall collect the tax thereon upon the appraised value thereof from the legatees or persons entitled to such property, c. P.L. 1934 p. 700; P.L. 1909 p.330. It is, therefore, contended by the executor of said estate that the tax shall be chargeable to the person having custody of the trust fund for the reason that the major portion of the estate of said decedent was divested from him in 1922 by said trust agreement and formed no part of the decedent's estate at the time of his death in January, 1935. The executor, therefore, contends that any tax levied upon the trust fund should be chargeable to the trustees and not to the executor of the estate. He contends that the will itself does not direct that all taxes, including the taxes against the trust fund, should be paid from the residue of the estate under the will of said decedent. He argues that under the eighteenth clause of the will the words "upon my estate" refer only to the estate which passed under the will and that the trust fund was no longer any portion of said estate inasmuch as the trust was irrevocable. To support this contention counsel refers to the case of Gaede v. Carroll,114 N.J. Eq. 524. In that case the court of errors and appeals considered the question as to whether an executor was entitled to reimbursement for federal estate taxes paid by reason of the inclusion in the federal assessment of policies of insurance payable to the widow under the insurance contract and of the value of certain property held by the decedent and his wife as tenants by the entirety. In the Gaede Case testator's will directed that any and all inheritance taxes that might *Page 294 
be levied or assessed against the share therein given to his said wife should be paid out of his estate it being his intention and wish that the bequest or provisions therein made for her or for her benefit should go to her free from any and all inheritance or other taxes. The provision in the Gaede will was limited to taxes assessed against the share "herein given" to the testator's wife. It did not apply to taxes which might be assessed by reason of transfers other than by will. The property involved in that case was an insurance contract specifically payable to the decedent's widow and the real estate held by the decedent and his wife during the decedent's lifetime as tenants by the entirety. The will played no part in the passing of those items. There was not present in that case the question as to who should pay the succession taxes. The executor was entitled to reimbursement from the widow for taxes paid on the transfer of the life insurance because the federal statute so provides. Federal taxes other than those assessed on the transfer of life insurance in excess of $40,000 are payable by the executor out of the general estate of the decedent and are not chargeable pro rata to each beneficiary's share. Turner v. Cole, 118 N.J. Eq. 497;Righter v. Fidelity Union Trust Co., 110 N.J. Eq. 169; FarmersLoan and Trust Co. v. Winthrop, 238 N.Y. 488; modified,207 App. Div. 356; 202 N.Y. Supp. 456. The court of errors and appeals, however, held that the executor was entitled to reimbursement from the widow for the federal tax assessed by reason of the property held by them as tenants by the entirety. In doing so the court apparently read into the will an implied exception. Otherwise that case would have been in conflict with the case of Turner v. Cole, supra. This result, therefore, has a direct bearing upon the question here involved. In the present case the trust inter vivos, taxable as a transfer, was intended to take effect at or after the death of Jay Gould and formed no part of his estate at the time of his death, that is, at the time the will spoke. Therefore, under the case of Gaede
v. Carroll, supra, a direction to pay all inheritance taxes chargeable on testamentary dispositions does not prevent the executor from demanding *Page 295 
reimbursement for taxes paid on transfers effected by other means than testamentary disposition. The decedent intended that his executor should be reimbursed for such taxes even though he would not be so entitled if there were no testamentary provision made therefor.
The case of Hackett v. Bankers Trust Co., 122 Conn. 107;187 Atl. Rep. 653, supreme court of errors of Connecticut, seems to be somewhat in line with the case now pending. In the HackettCase the testator directed that "all inheritance or transfer taxes shall be paid out of the residue of my estate and shall not be charged against the separate beneficiaries." That provision did not restrict the payment of taxes which might be assessed on testamentary transfers. There were inter vivos trusts made by the decedent in his lifetime which created a condition similar to the case before me. The supreme court of errors of Connecticut decided that while the tax upon the inter vivos trust should be paid by the executor in the first instance such executor would then be entitled to reimbursement from the beneficiaries under the inter vivos trust. Courts of some jurisdictions seem to hold a different view.
I have reached the conclusion, however, that while all the taxes may be payable by the executor such executor is entitled to contribution from the trustees under the inter vivos trust of the proportion of the taxes assessed against the same. I will advise a decree accordingly. I assume that counsel will agree upon the proportion of such tax at the time of the presenting of the decree in this matter. *Page 296