The problems presented relate to estate taxes:
Joseph A. Ward, late of Orange, died in 1928, leaving a will under which complainant is surviving trustee. The will put the residuary estate in trust for testator's widow, Lucretia B. Ward, for life, and gave to her power of appointment in these terms:
"On the death of my said wife, the surviving trustee shall pay over and distribute the principal remaining in the trust to and among such persons as my said wife, Lucretia Ward, shall in and by her last will and testament designate and appoint to receive the same. If she shall fail to exercise such power of appointment then the remaining principal of the trust shall be paid over to and distributed among my next of kin according to the laws of the State of New Jersey as if I had then died intestate and possessed thereof."
Mrs. Ward died in 1937, leaving a will by which she disposed of her own estate — bequests of $11,166 and the residue to two nephews — and in which she exercised her power of appointment:
"In the exercise of the power of appointment given to me by the last will and testament of my late husband, Joseph A. Ward, I direct the surviving executor and trustee under the will of my said husband to distribute the trust fund held by it under said will as follows:" (then follow various appointments totaling $261,000 to twenty-four appointees — four of which are charitable organizations — and the balance thereof to be distributed equally between two nephews of the testatrix). *Page 460 
The value of the property subject to the appointment is $181,624, and of Mrs. Ward's individual estate $20,435.
The act of Congress requires inclusion in the gross estate of a decedent for the purpose of computing the estate tax, not only the individual assets of decedent, but also property over which he exercises a general power of appointment.26 U.S.C. § 411(f). Mrs. Ward's gross estate is therefore taken to be $202,059 and a federal estate tax of $13,634 has been assessed against her executor. This tax, added to estimated administration expenses, c., exceeds her residuary estate.
The principal question debated is whether the estate tax should be wholly borne by Mrs. Ward's estate, or should be shifted in part to the estate of her husband over which she exercised a power of appointment.
Let us first consider the situation as if her will contained no directions respecting taxes. Under the federal statute, the estate tax is primarily payable by the executor. 26 U.S.C.A. §422(b). Add that the Joseph A. Ward estate is no part of the assets in the hands of Mrs. Ward's executor (Seward v.Kaufman, 119 N.J. Eq. 44) and it becomes clear that the whole tax in the first instance is payable out of her estate. Then arises the query whether the trustee of the husband's estate must reimburse in part the wife's executor.
The federal statute in the analogous case of life insurance included for tax purposes in the estate, requires the beneficiary of the insurance to contribute to the tax.26 U.S.C.A. § 426(c). But there is no similar provision relating to an estate passing by appointment pursuant to a power. On the contrary, if any person other than the executor pays the tax, such person is entitled to reimbursement out of the estate of decedent. Id. § 426(a).
Mr. Justice Heher in Turner v. Cole, 118 N.J. Eq. 497,
dealt with the contention that the estate tax should not fall altogether on the residue but should be shared by the legatees and devisees. "The federal estate tax falls upon the residuary estate, while the state transfer tax is assessed against the inheritance, and is chargeable against the recipient. Although this court did not pass upon the question when the case came before it, we concur in the view expressed by Vice-Ordinary *Page 461 
Backes in the Roebling Case, 89 N.J. Eq. 163; appeal dismissed,91 N.J. Eq. 72, that `there is no apportionment' of the federal estate tax `among the various transferees,' and that `the real estate, devised or descending,' is not liable to contribution. The federal death duty is significantly dominated an `estate tax.' It is not a property tax; it is a tax `imposed upon the transfer of the net estate' of the decedent.26 U.S.C.A. § 1092. It is not an inheritance tax. It is calculated on the net estate, and not on the legacies or distributive shares."
While the estate tax is not technically a debt, "it is akin," said Mr. Justice Heher, "to such an obligation in respect to the ascertainment of the quantum of the residuum for distribution both in cases of testacy and intestacy."
Unless some direction to the contrary appears in one or other of the wills, the trustee of the Joseph A. Ward estate is not obliged to contribute to the tax on the widow's estate.
Her will contains direction for payment of taxes:
"I direct my executor and trustee to pay from the residue of my estate all inheritance or estate taxes, both state and federal, levied or assessed against gifts herein made, and should any such tax be not then due, I authorize my said executor and trustee, if it see fit so to do, to compromise with the proper officer of the state or United States Government such future tax, and to pay the amount so fixed and determined."
A testator's wishes respecting the distribution of the tax burden among the beneficiaries of his will, will govern to the extent of the property given to them. But, of course, testator's intention to charge the tax on property not owned by him is generally without influence. Mrs. Ward had no interest in her husband's estate that survived her death. She did have, however, power of appointment broad enough to permit her to appoint her own executor or her creditors. Crane v. Fidelity Union TrustCo., 99 N.J. Eq. 164. So the question under Mrs. Ward's will is simply this, did she, by virtue of the power, direct the federal tax on her estate or any part of it to be paid out of her husband's estate? Inspection of her will discloses that she expressly ordered the entire estate over *Page 462 
which she had power of appointment to be distributed among certain persons, other than the collector of internal revenue. Her will also directs her executor to pay from her own residuary estate "all inheritance or estate taxes, both state and federal, levied against gifts herein made."
Mrs. Ward's legatees present the argument: that her disposition of her husband's estate was not one of the "gifts herein made." Therefore the estate tax levied or assessed because of her exercise of the power is not a tax directed to be paid out of her residue. Hence is implied that she intended it paid out of the husband's estate.
The appointees answer point by point. If Mrs. Ward made no direction for the payment of this particular tax, she presumably intended that the tax should rest where the law places it.Plunkett v. Old Colony Trust Co. (Mass.),124 N.E. Rep. 265; Amoskeag Trust Co. v. Dartmouth College (N.H.),200 Atl. Rep. 786; 117 A.L.R. 1186; Ericson v. Childs (Conn.),198 Atl. Rep. 176; 115 A.L.R. 907 — a splendid case; andFarmers Loan and Trust Co. v. Winthrop (N.Y.),144 N.E. Rep. 769. Again, the only federal estate tax is one levied or assessed against Mrs. Ward's estate, not against any particular gifts; it is not a tax on the appointment to Joseph A. Ward's estate, or on any interests therein. Turner v. Cole, supra.
And lastly that the expression "gifts herein made" is broad enough to cover the appointments. So they find no implied direction that the federal tax be charged on the trust estate.
The fact that if the estate tax is paid in full out of Mrs. Ward's estate, her residuary bequests will be entirely nullified, is a circumstance which ordinarily would indicate that she did not intend the tax to rest wholly on her estate. But there is another circumstance — she directed specified sums totaling $261,000 to be paid out of her husband's estate to certain persons and the balance to be divided between the two nephews who are her own residuary legatees. As the gross assets of the Joseph A. Ward estate are only $181,624, she plainly over-estimated its size and she may have been equally mistaken as to her own financial worth. *Page 463 
In Gaede v. Carroll, 114 N.J. Eq. 524, 532, our court of last resort held that the widow must reimburse the executor for a proportionate part of the tax where the gross estate on which the tax was computed included property held by her and the testator as tenants by the entirety. The will contained a direction to pay taxes somewhat similar to the one in Mrs. Ward's will. The headnote indicates the court adopted the statutory New York rule (In re Rogers, 287 N.Y.S. 426; 291 N.Y.S. 815) and went on the theory that the tax was apportionable in the absence of a specific direction in the will to the contrary. The same court inTurner v. Cole, supra, without mention of the earlier case, held the tax burden should not be distributed among the beneficiaries in default of testamentary provision to the contrary. Should then Gaede v. Carroll be considered overruled? I think not. The opinion itself does not tally with the headnote, but rather goes on the principle expressio unius,alterius exclusio.
Vice-Chancellor Kays, in Commercial Trust Co. v. Millard,122 N.J. Eq. 290, felt bound to follow the Gaede Case, and I do likewise.
The law of these two cases may, perhaps, be stated thus: Testator's express direction to pay out of residue a certain tax or part of tax impliedly requires that a different tax or another part of the tax be charged on the property in respect to which it was levied. Or in the event testator had no control over such property, then the tax must be satisfied from any legacy or devise to the person who owns the property in respect to which the tax was levied. For the purpose of this rule, the federal estate tax is treated as though it were levied proportionately on all the assets entering into the assessment. Now for the application to the case at hand. Mrs. Ward directed payment from residue of "all inheritance or estate taxes, both state and federal, levied or assessed against gifts herein made." Did she mean by "gifts herein made" to include the appointments to her husband's estate?
Mrs. Ward disposed of her own estate by the usual phrase "I give and bequeath." She disposed of her husband's estate in this wise: "In the exercise of the power of appointment *Page 464 
* * * I direct the surviving executor and trustee under the will of my said husband to distribute the trust fund held by it under said will as follows: (a) $50,000 thereof to my niece Edith Wilmore Suydam," c.
It is well established that the appointees take, not from the person who appoints but from the original testator. That is, the interest of Mrs. Suydam in the fund emanates from Joseph A. Ward, Mrs. Ward being only the indicator pointing out to whom his bounty should go. McCook v. Mumby, 64 N.J. Eq. 394; Hoyt v.Hancock, 65 N.J. Eq. 688; Crane v. Fidelity Union Trust Co.,supra. Strictly speaking, the appointments were not "gifts" made by Mrs. Ward. The radical difference in language between her disposal of her own estate and that of her husband's estate, indicates that she realized that the latter estate was not her gift. In Isham v. New York, c., Association (N.Y.),69 N.E. Rep. 367, the court held that a direction to pay inheritance taxes imposed "upon any of the legacies hereinbefore made" included taxes on property distributed under a general power of appointment; but there the testatrix exercised her power in the same language as that in which she disposed of her own estate — "give and bequeath." See, also, Trainer v. Scott
(N.Y.), 248 N.Y. 171. Loring v. Gardner (Mass.),109 N.E. Rep. 635, is more nearly in point. Testator used the words "I give and bequeath" in respect to his own property and "I appoint and dispose of" the property over which he had a power. It was held that his direction that taxes on "legacies" should be charged on residue, did not include taxes on the property appointed. See, also, In re Rogers, supra.
It seems to me that the testatrix did not intend her express direction to pay taxes to cover so much of the federal estate tax as relates to the appointed property, and so the rule of theGaede Case applies. The tax should be borne by the two estates in proportion to the net assets of each for tax purposes. The tax will be considered in respect to each estate as if it were an administrative expense; that is, it will diminish the estate before distribution regardless of whether or not the distributees are charities. Young Men's Christian Association v. Davis,264 U.S. 47; 44 Sup. Ct. 291. *Page 465 
A large part of the assets of the Joseph A. Ward estate are mortgages and mortgage participation certificates which cannot be liquidated at present without great loss, and which cannot well be distributed in kind among the beneficiaries. The trustee will be permitted, in its discretion, to hold this property undistributed for the present, but it will be directed, in the event it shall not liquidate these investments within two years, to apply then at the foot of the decree for further directions. *Page 466