The bill is filed by Morristown Trust Company, as executor under the will of William Childs, deceased, and also as trustee under certain deeds of trust executed by decedent in his lifetime, *Page 526 
and prays determination as to the rights of the several parties in interest under said will and deeds of trust and instruction as to its rights and duties thereunder. All interested parties have been brought into court.
One of the deeds of trust was executed February 7th, 1929; the other on December 9th, 1937; and decedent died testate, a resident of this state, on May 22d 1938. By his will he directs his executor
"to pay out of my residuary estate every federal or state transfer, inheritance or estate tax or taxes of whatsoever nature there may be imposed against my estate or against any gift, devise or bequest herein provided."
Complainant, as executor, is liable in the first instance for the payment of the federal and state inheritance and estate taxes, — and also federal gift tax, if there be any liability for such with respect to the trust of 1929. The question involved herein is as to whether or not the executor is entitled to reimbursement from the two trust funds, or either of them, for the whole or any part of the taxes aforesaid for which it is liable in the first instance.
The only taxes which appear to be, or which it is suggested are or may be, involved in the present situation are those under the New Jersey Transfer Inheritance Tax act, the Federal Estate Tax statute and the Federal Gift Tax statute. The latter indeed is not presently involved, because the federal tax authorities have not imposed any tax thereunder, and it seems unlikely or at least doubtful that they will do so.
The taxes provided for under the New Jersey Transfer Inheritance Tax act are legacy or succession taxes imposed on the right or privilege of succession; they are payable by the respective beneficiaries out of the testamentary gifts or intestate shares, — Turner v. Cole, *118 N.J. Eq. 497, at500, 179 Atl. Rep. 113; — and if paid in the first instance by the executor or administrator the latter has the right of reimbursement from the beneficiary. Commercial Trust Co. v.Millard, 122 N.J. Eq. 290, 193 Atl. Rep. 814. Where, however, in a testate estate the will makes provision for such taxes in a manner different from that which would otherwise be the *Page 527 
case, such provision is valid and controlling. Righter v.Fidelity Union Trust Co., 110 N.J. Eq. 169, 159 Atl. Rep. 393;
and see also Gaede v. Carroll, *114 N.J. Eq. 524, at 533,169 Atl. Rep. 172, holding that a testamentary direction that federal estate taxes shall not be paid out of the residuary estate, is valid and controlling). In substance and effect such provisions constitute separate additional legacies, — ChemicalBank and Trust Co. v. Barnett, 114 N.J. Eq. 4,168 Atl. Rep. 173, — if they provide for payment by the testamentary estate of taxes otherwise payable by beneficiaries.
In the instant case the testamentary direction to the executor to pay out of the residuary estate every tax imposed against "any gift, devise or bequest herein provided," does make a change with regard to the persons upon whom will fall the burden of the New Jersey taxes on the testamentary gifts. It diminishes thereby the property passing to the residuary beneficiaries, and relieves the other respective testamentary beneficiaries therefrom.
No difficulty arises in this regard, so far as concerns the several legacies and devises specifically mentioned in the will. In addition to assessing tax on these legacies and devises, however, the state tax commissioner determined that both in 1929 and 1937 inter vivos transfers were taxable and assessed tax with respect to the property passing under each. In the absence of testamentary provision to the contrary, such taxes are ultimately payable by the donees of such transfers, and if the executor pay them in the first instance, he is entitled to reimbursement. Fidelity Union Trust Co. v. Hall, 125 N.J. Eq. 419,
at 430, 6 Atl. Rep. 2d 124.
There is in the present will no direction for the payment of these taxes by the executor out of the residuary estate (or any other fund), — certainly not as to the 1929 transfer. The direction is only for the payment of taxes imposed against "my estate" or against "any gift * * * herein provided." The New Jersey tax assessed upon the trust conveyances is not imposed against testator's estate, — it is imposed against the transferees on the property transferred; nor against any gift provided in the will, — the inter vivos conveyances are not gifts provided in the will. *Page 528 
This is clearly true in regard to the 1929 transfer, but perhaps not quite so immediately apparent in regard to the 1937 transfer, — because of the eighth paragraph of the will. In that paragraph the testator says that "in the event" that the 1937 trust conveyance "is declared, considered or adjudicated invalid or not of the full force and effect it was intended by me to have, and" the property comprised in that deed "is held to and does pass as a part of my estate, then I give * * * all the said property to said Morristown Trust Co." upon the same trust as in said deed.
This provision is only for a contingent gift. Nothing passed or passes under it because the contingencies did not, (nor dideither of them), happen. The 1937 deed has not been declared, considered or adjudicated as invalid or not of full force and effect, and it is not even contended that it ever will or can be so adjudicated; and the property comprised in that deed has not been held to pass as a part of testator's estate, nor is it contended that it ever will or can be so adjudicated. On the contrary, under the proofs here sub judice, it can and should be here adjudicated that that property passed under and by virtue of the trust deed and did not pass as a part of decedent's testamentary estate. No tax was assessed against any such testamentary gift, contingent or otherwise; the tax was assessed against the transfer by the inter vivos deed, and there is no testamentary direction for the payment of such tax out of the residuary estate (or otherwise). This tax, therefore, like the tax on the 1929 transfer, is payable by the donees of that transfer, as between them and the executor or residuary beneficiaries under the will.
It is further argued, however, that although the will may not expressly direct the payment by the executor of the New Jersey tax on the 1937 transfer, nevertheless, the testamentary direction should be interpreted and construed as having that effect; that the reference by testator in the will to the 1937 transfer, (executed and delivered only thirteen days earlier) shows that he had it in mind and in all probability intended and thought that any inheritance tax imposed in regard thereto was covered by and included in the language of the sixth paragraph of the will (directing payment of taxes by *Page 529 
the executor). In that contention this court cannot concur. It is possible, — perhaps even probable, — that the testator did so desire and believe, but he did not so express himself in the will and it is by no means a necessary conclusion from what he did say in the will. "In order to arrive at the decision that a legacy is to be paid free of duty, the court must be satisfied that the intention of the testator in that respect has been clearly made out." Righter v. Fidelity Union Trust Co., 110 N.J. Eq. 169,
at 173, 159 Atl. Rep. 393. In the instant case the existence of such intention by the testator as to the tax in the 1937 transfer has not been, to the mind of this court, by any means clearly made out. The testamentary direction is unambiguous and this court has no power to modify it.
Next as to the federal estate tax. This tax is imposed on the passing of property from the owner, at and by reason of his death; it is payable out of the estate before distribution; and hence, in a testate estate, (where there is no contrary testamentary direction), it comes out of the residuary estate, —Turner v. Cole, *118 N.J. Eq. 497, 179 Atl. Rep. 113; but if it be otherwise directed by the particular will, such direction is valid and controlling, — Gaede v. Carroll, *114 N.J. Eq. 524,
at 533, 169 Atl. Rep. 172; Fidelity Union Trust Co. v.Suydam, 125 N.J. Eq. 458, 6 Atl. Rep. 2d 392.
In the instant case the testamentary direction is that the executor shall pay, out of the residuary estate, every tax imposed against "my estate" or against "any gift, devise or bequest herein provided." Since the federal estate tax is ordinarily payable out of the residuary estate, this testamentary provision makes no change in the liability for, or burden of, this tax, so far as concerns that part of the tax assessed against the property passing at testator's death. This however is not true as to such portion of the federal estate tax as was imposed with respect to the property comprised in the 1929 and 1937 trust conveyances.
In Gaede v. Carroll, *114 N.J. Eq. 524, 169 Atl. Rep. 172,
a federal estate tax had been levied against the testator's estate, a portion of which tax was assessed in respect of the *Page 530 
succession by the testator's wife to the entire fee of property held by the entirety. The will directed payment out of the estate of taxes assessed against gifts and provisions for the wife madein the will. The court held not only that this did not include the tax on the increased interest of the wife in the estate by the entirety, because that did not occur by reason of any provision in the will, but also that the direction for payment of taxes on the property given to the wife by the will, constituted or comprised an implied direction that there should not be paid out of the testamentary estate any other taxes than those so specified; ergo, that the executor having paid the tax, (or that part of the tax assessed in respect of the estate by the entirety), was entitled to reimbursement therefor from the widow.
Turner v. Cole, *118 N.J. Eq. 497, 179 Atl. Rep. 113, does not overrule nor conflict with the Gaede case, (which it does not even mention). It holds only that the burden of federal estate tax, in the absence of any state regulatory statute in this behalf, and in the absence of any testamentary provision tothe contrary, falls upon the testamentary residuary estate. In the Gaede case the court found that there was a testamentary provision (implied) to the contrary.
In conformity with the Gaede decision it was held by this court in Commercial Trust Co. v. Millard, supra, — where the New Jersey inheritance tax included an assessment with regard to a prior inter vivos transfer, and where the will directed the payment out of the residuary estate of all taxes imposed upon "my estate," — that the words "my estate" meant only the testamentary estate (passing under the will); that the property conveyed by the prior deed was no part of the testamentary estate; and that the executor was entitled to reimbursement from the inter vivos
transferees for that portion of the tax which was assessed against that transfer.
(This same result would have been reached, irrespective of the decision in the Gaede case, — since the New Jersey statute imposes the tax on the transferees, and there was no testamentary direction that the executor should pay the tax in exoneration of the transferees. Fidelity Union Trust Co. v. Hall, 125 N.J. Eq. 419,
at 430, 6 Atl. Rep. 2d 124. The *Page 531 
decision in the Suydam case, infra, however, is, — in view ofTurner v. Cole, supra, — actually necessarily based on theGaede case.)
In Fidelity Union Trust Co. v. Suydam, 125 N.J. Eq. 458,6 Atl. Rep. 2d 392, — where federal estate tax levied against the estate of a testatrix included tax assessed in respect of property as to which the testatrix had exercised a power of appointment, and where her will directed payment out of her residuary estate of all taxes assessed against "gifts herein made," — this court held, following the Gaede case, that the testamentary direction for payment of taxes did not include the tax in respect to the exercise of the power of appointment; and that that testamentary direction impliedly contained a direction that taxes other than those on gifts made by the will shouldnot be paid out of her testamentary estate, but on the contrary should be borne by those other beneficiaries; hence that that part of the federal estate tax based on the value of the appointed property was to be borne by the appointees, — (which would mean of course that the executor was entitled to reimbursement from them, if he had paid the entire tax); and that the burden of the entire estate tax should be borne respectively by the testamentary estate and the appointed estate in proportion to the net assets of each for tax purposes.
Applying the principles of these decisions to the case heresub judice, — the will directs payment by the executor, out of the residuary testamentary estate, only of taxes imposed against "my estate" or against "any gift herein provided." "My estate" means only the property passing under the will, — CommercialTrust Co. v. Millard, supra, — and the property comprised in the 1929 and 1937 transfers is not included therein; neither is it included in any gift made by the will. Hence the will does not direct the executor to pay any tax on those inter vivos
transfers; on the contrary it impliedly directs that any such tax, whether federal or state, shall not be paid out of the testamentary estate but shall be borne by the inter vivos
transferees.
Corroboration of the conclusion that testator's direction, to pay out of the residuary estate the taxes assessed against his *Page 532 
estate and against the testamentary gifts, constitutes an implied provision that taxes against the two trust estates are not to be paid out of that residuary estate, is to be found in the fact that the total gross testamentary estate was less than $230,000, while the total taxes (federal and state), — including those portions against the two trust estates, — aggregate $232,586.36, and the testamentary gifts (other than the residuary gift) amount to over $70,000, and testator must have contemplated administration expenses, including commissions and counsel fees, of $10,000, at the very least. It would obviously be absurd to ascribe to the testator an intent that there should be paid from his testamentary estate of $230,000, gifts and taxes aggregating $312,000, or nearly $84,000 more than there was in the estate. Such a great discrepancy could not be accounted for on the theory of over-estimation of his estate by testator, nor by depreciation in value after the execution of the will, — for the will was executed in December, 1937, and testator died only six months later. The payment of the taxes would nullify not only the residuary gift but also all of the $70,000 of special gifts and still leave $84,000 taxes unpaid. Cf. Fidelity Union Trust Co.
v. Suydam, supra, (at p. 462).
Such part of the New Jersey tax as is assessed on the basis of the property comprised in the 1929 transfer is to be paid by the trustees under that transfer, and such part as is assessed on the basis of the property conveyed in 1937 is to be paid by the trustee under the 1937 transfer, — the balance is to be paid out of the testamentary residuary estate. Such part of the federal estate tax is to be borne by the 1929 trust estate as bears the same ratio to the total federal estate tax as the ratio borne by the 1929 trust assets to the total assets entering into the total tax, and similarly as to the part of that tax which is to be borne by the 1937 trust assets, — the balance of course to be borne by the testamentary residuary estate.
Since there is presently no tax assessed against the estate under any federal gift tax statute, it is neither necessary, advisable nor proper to make any determination in that regard. If, and when, any such assessment be made, proper application may be made at the foot of the decree herein. *Page 533 
Another question has been argued in the briefs, — to wit, a contention by All Souls Hospital and Somerset Hospital, (two of the four charities which are the ultimate remaindermen of the 1937 trust), that, even if it should be determined that so much of the federal estate tax as was imposed by reason of the 1937 trust deed is to be paid by that trust estate, nevertheless none of the said remaindermen should be charged with any part of said tax, because by the federal statute these charitable gifts are deductible from the gross estate in computing the tax and the values thereof were not included in the amount of estate on which the federal tax was assessed, and hence it would be inequitable to charge the shares of these charitable donees with any part of that tax.
What this contention amounts to, as it is understood by this court, is this, — that such part of the federal tax, if any, as may be determined herein to be payable to the executor by the trustee of the 1937 trust, should be by said trustee paid out of, or charged against, income of the 1937 trust and no part thereof out of corpus.
This is of course purely a matter intra the administration of the 1937 trust, — an issue between, and which concerns only, the life tenants and the remaindermen under that trust, (and of course the trustee). It was not raised by complainant, (as such trustee), in the bill; neither was it raised by any of these remaindermen by counter-claim against the life tenants and trustee, (although it was set forth in the answer of All Souls Hospital). It would seem therefore that, under the pleadings, the question is not properly before the court for valid and effective determination. It could, of course, be left to be raised and decided in accounting proceedings, or other separate proceeding, in the administration of the 1937 trust; but it obviously would be of benefit to all of the parties interested in the 1937 trust, to have a determination thereof as soon as possible. Moreover, since all the interested parties are presently before this court, and the question has been thoroughly argued in the briefs, a determination herein would avoid not merely delay but considerable trouble and expense. Such determination can validly be made herein if the pleadings be properly amended to raise *Page 534 
the issue; and, for present purposes, it will be assumed that such has been, or will be, done.
The 1937 trust, broadly but substantially speaking, involves life tenant and remainderman. (There are a number of life tenants, and certain contingencies as to their shares, and as to addition of other life tenants.)
So far as concerns the complainant executor, the liability to him on the part of the 1937 trustee for such part of the taxes, both federal and state, as are assessed against the 1937 trust assets, falls primarily upon the corpus of that 1937 trust estate.
As to the New Jersey tax, — the statute imposes this on the property transferred, — and on the corpus of the transfer, (both the tax on the life estate and the tax on the remainder).In re Diehl's Executor, 88 N.J. Eq. 310, 102 Atl. Rep. 738;affirmed, *89 N.J. Eq. 209, 103 Atl. Rep. 822. (The statute has been subsequently amended but not in such wise as to affect that determination.) Commonwealth-Merchants Trust Co. v. Seglie,127 N.J. Eq. 160, at 164, 12 Atl. Rep. 2d 153. As between life tenant and remainderman of the trust, the payment to the executor in reimbursement, (if the executor pays this tax in the first instance) would of course, stand on the same footing as if the tax were paid directly by the trustee to the state. The New Jersey statute provides for certain exemptions to charitable beneficiaries. These exemptions have already been accorded to these remaindermen in the assessment of the New Jersey tax.
As to the federal tax, — the contention of the charitable remaindermen, that deduction of the value of these charitable gifts from the value of the taxable assets of the trust was made by the taxing authorities in computing and assessing the tax, is not borne out by the proofs shown. The evidence is that no such deduction was allowed, and that the assessment still stands as made, although a protest in that behalf was filed and as yet remains undetermined. Assuming, however, that the protest be allowed, and the deduction made, — the result in the situation here under consideration remains the same.
In Young Men's Christian Association v. Davis, 264 U.S. 47,
a similar contention was made, by charitable testamentary *Page 535 
residuary legatees against prior legatees, that the purpose and effect of the provision of the federal statute, (for the deduction of the value of the charitable gifts from the value of the taxable estate), was to exempt charitable institutions from the burden of federal estate tax, and that the tax should be paid by the prior legatees in exoneration of the residuary charities. It was held however that such was not the case; that the effect of the statute was simply to reduce the tax payable by the estate and to leave the ultimate burden of the tax (as between or among beneficiaries), precisely where it was cast by the law of decedent's domicile or by the provisions of decedent's will; that the testatrix having the power to make testamentary direction in exoneration of the residuary charities, but failing to make such provision, must be deemed to have intended the burden of the tax to rest where it fell under the state law; and that therefore since the tax was payable as a charge against the estate, and the gift to the charities was simply the residuum after paying all such charges and all special legacies, the residuary legatees were not entitled to any exoneration.
It is not clear whether or not Fidelity Union Trust Co. v.Suydam, supra, involved any contention by or on behalf of charitable beneficiaries, but this court, — in determining that where a testator (impliedly) directed that such part of the federal estate tax as was assessed with regard to her exercise of power of testamentary appointment should not be paid out of her testamentary estate, in such case the total federal tax should be apportioned between the appointive estate and the testamentary estate in proportion to the respective amounts of the taxable assets of each estate, — did lay down the rule of the Y.M.C.A.
v. Davis case that in the absence of testamentary or statutory provision to the contrary, the amount of the federal estate tax upon an estate is to be paid out of that estate as if it were an administration expense of that estate, — diminishing the estate for distribution purposes; and this regardless of whether or not any of the distributees are charities.
In the instant case the controversy is raised not by residuary legatees against prior special legatees but by remaindermen *Page 536 
of a trust estate against life tenants. It is not perceived however that there is any difference in principle. Both the United States Supreme Court and the courts of this state hold that the federal estate tax is a tax on the estate before distribution, — hence a tax on the corpus; and that in the absence of statutory or testamentary direction to the contrary, distribution is to be made pursuant to the testamentary (or trust deed) provisions without any exoneration of charitable distributees. Y.M.C.A. v. Davis, supra, holds that the federal statute does not affect this rule; and there is no state statute affecting it. Neither is there, in the instant case, any such direction in the will or in the trust deed. Hence the tax is payable out of corpus, and this diminishes the interest both of life tenants and remaindermen; and there is no right of the charitable remaindermen to exoneration or reimbursement by the life tenants.
It is contended that the 1937 trust deed does direct that this tax be paid out of income, but in such contention this court cannot concur. It is deemed that in and by the direction therein made for the payment out of income of "all taxes, charges and expenses payable in connection with the trust," the grantor referred only to such taxes, charges and expenses as are ordinarily and properly payable out of income, — not to those ordinarily and usually deemed capital expenses. This would be the natural and ordinary interpretation; and that it is beyond doubt the correct interpretation is apparent when it is considered that the clear and unmistakable object and purpose of the trust was to provide support and maintenance for some nine relatives of the grantor; that the amount of the fund was about $90,000, — which would yield a probable net income of not over four per cent. or $3,600 at the outside; and that the imposition of the estate and transfer inheritance taxes aggregating $18,690 upon income instead of corpus would deprive these life beneficiaries of any income whatever for over five years. The grantor certainly had no such intent as thus to nullify his primary object; and this is further corroborated if it be deemed that he probably thought that his will provided that these taxes on this trust would be paid out of his testamentary estate (which would *Page 537 
have been the fact if his contingent testamentary gifts of this trust fund had become operative).
Particular clauses in a trust deed are to be interpreted, if possible, so as to harmonize with grantor's manifest main object.Palisades Trust, c., Co. v. Probst, 128 N.J. Eq. 332, at334, and cases cited.
It was earlier said herein that all parties interested in each and all of the three estates had been brought into court herein. It has now just been noticed that testator's widow is not before the court as an individual. She has entered appearance as one of the surviving trustees of the 1929 trust, but not individually; nor has she been served as such, — nor indeed has she been made individually a party to the bill. Before decree can be entered herein the bill must be amended to make her a party individually, — (because she is a beneficiary individually under the will and under each of the trusts), — and an answer filed by her (or an appearance and waiver of answer).