Plaintiff, Herman Goldman, executor under the will of Louise G. Aldrich, deceased, seeks advice and instruction of the Court relating to the payment of taxes under the New Jersey Transfer Inheritance Tax Act, and the Federal Estate Tax Act.
The facts are stipulated and such as are pertinent, may be briefly summarized as follows:
The decedent entered into an inter vivos agreement of trust dated June 3, 1942, the entire principal of which was included in the gross taxable estate of the decedent for Federal Estate tax purposes and also for New Jersey Transfer Inheritance tax purposes. The will contains no provision relating to the payment of estate or inheritance taxes. The New Jersey Transfer Inheritance tax based upon the vested life interests in the trust has been allocated and charged against the trust and the allocation thereof appears in Schedule K of the accounting of the executor. The executor has paid out of the estate the amount of the Federal Estate tax allocable to the inclusion of the 1942 trust and also the amount of the New Jersey Inheritance tax, as compromised, applicable to the contingent remainder interests under the trust.
Plaintiff is likewise the sole trustee of the said intervivos trust of June 3, 1942. In a proceeding for the judicial settlement of the account of the said trustee, in the Supreme Court for the County of New York, State of New York (the situs of the said trust) the trustee requested the advice of said Court as to the responsibility of the trustee in the event that he should be required to reimburse himself as executor of the estate with the amount of the Federal Estate Tax and New Jersey Transfer Inheritance tax arising from the inclusion of the principal of the trust in the gross taxable estate. The New York Supreme Court in settling the account of the trustee by order authorized the trustee "to pay to the Executor of the estate of *Page 415 
LOUISE G. ALDRICH, deceased, an amount equal to so much of the Federal Estate tax, the New Jersey Transfer Inheritance tax and the New Jersey Estate tax, if any, hereafter determined to be due and payable and which shall have been paid by the Estate of Louise G. Aldrich as shall be equitably chargeable against the said trust under agreement of June 3, 1942 by reason of the inclusion of the corpus of the said trust in the gross taxable estate of the said LOUISE G. ALDRICH for Federal Estate and New Jersey Transfer Inheritance and Estate Tax purposes * * *."
The tax imposed under the provisions of the New Jersey Transfer Inheritance Tax Act is a tax upon the right of succession to the property of the testator or intestate, and is calculated on the legacies or distributive shares. The tax under the provisions of the Federal Estate Tax Act is a tax imposed upon the net estate of the testator or intestate and is calculated on the net estate. That is the distinction between the two taxes.
The matter presented has been the subject considered in a number of reported decisions in our State.
In Gaede v. Carroll, 114 N.J. Eq. 524, 169 A. 172, it was determined that the widow of the testator was chargeable for federal estate taxes paid by the executor on the value of certain real property, title to which was in the testator and his wife as tenants by the entirety. There the will directed that any and all inheritance taxes whatsoever levied or assessed against the share given therein by any of the provisions to his wife be paid out of his estate, it being his intention that the bequest or provisions to her for her benefit should go to her free from any and all inheritance and other taxes. The Court said:
"With respect to the tax on the estate by the entirety, we feel that the provision of clause 9 of the will likewise controls. The federal statute provides that no apportionment of the tax among persons liable shall be made by the taxing authority. The cases hold that this is a matter for settlement in the state courts.Edwards v. Slocum, 287 Fed. Rep. 651, affirmed,264 U.S. 61, 68 L.Ed. 564. It has been held in Massachusetts that, `where no other provision is made, taxes must be paid out of the residue of the estate.' Bemis v. Converse, 246 Mass. 131, 140N.E. Rep. 686. However, in the instant case there is another provision, because the fair interpretation *Page 416 
of the ninth clause of the will is that the residue is made liable for all taxes on provisions made for the wife by the will, and for nothing else in the way of taxes for her benefit. Mrs. Carroll, of course, took nothing by the will with respect to the real estate held by her and her husband as tenants by entireties. Her estate was not enlarged by the death of her husband, but she became entitled to the use and enjoyment of the whole. Den v.Hardenbergh, 10 N.J. Law 49. So that, without deciding what the result might be if there were no expression in the will, we conclude that the executor is entitled to reimbursement from the widow for the tax in question under the provision in the ninth clause of the will."
In Commercial Trust Co. v. Millard, 122 N.J. Eq. 290,193 A. 814, the testator during his lifetime had created an intervivos trust, and upon his death the corpus of the trust was included in his estate for the purposes of the federal estate tax and taxed under the provisions of the New Jersey Transfer Inheritance Tax Act as a transfer intended to take effect after his death. In his will the testator directed that all transfer, inheritance and estate taxes imposed upon his estate be paid out of the principal of the residuary estate. The Court held that the executor of the decedent's estate was entitled to reimbursement for the taxes paid upon the corpus of the trust under the Federal Estate Tax Act and the taxes paid upon the corpus of the trust under the provisions of the New Jersey act.
Vice Chancellor Buchanan in Fidelity Union Trust Co. v. Hall,125 N.J. Eq. 419, stated at page 430:
"The executor is liable under the statute for the payment of the tax. The will does not direct that such tax, on the trust estate (nor on any other transfer), be paid out of the residuary estate. The tax, under the New Jersey statute, is payable ultimately by the donees. If complainant as executor has paid or shall pay this tax, it therefore is or will be entitled to reimbursement from the trust estate. If complainant as trustee has paid it, or shall pay it, it is entitled to deduct such tax from the shares passing to the ultimate donees. The same thing is true as to federal estate tax (if any be leviable in this instance). The trust estate is not a part of the decedent's estate passing under the will, and hence that tax is not payable out of the estate passing under the will (as between that estate and the trust fund)."
In Fidelity Union Trust Co. v. Suydam, 125 N.J. Eq. 458, the testatrix exercised a power of appointment given to her under the terms of her husband's will, and she directed in her will *Page 417 
that her executor pay from the residue of her estate all taxes both state and federal "levied or assessed against gifts herein made." The Court held that the property passing under the power of appointment was no part of the testatrix' estate and stated, at page 464:
"It seems to me that the testatrix did not intend her express direction to pay taxes to cover so much of the Federal estate tax as relates to the appointed property, and so the rule of theGaede case applies. The tax should be borne by the two estates in proportion to the net assets of each for tax purposes. The tax will be considered in respect to each estate as if it were an administrative expense; that is, it will diminish the estate before distribution regardless of whether or not the distributees are charities."
The Court in Morristown Trust Co. v. Childs, 128 N.J. Eq. 524, after reviewing the decisions in Gaede v. Carroll, supra;Commercial Trust Co. v. Millard, supra, and Fidelity UnionTrust Co. v. Suydam, supra, stated at page 531:
"Applying the principles of these decisions to the case heresub judice, — the will directs payment by the executor, out of the residuary testamentary estate, only of taxes imposed against `my estate' or against `any gift herein provided.' `My estate' means only the property passing under the will, — CommercialTrust Co. v. Millard, supra, — and the property comprised in the 1929 and 1937 transfers is not included therein; neither is it included in any gift made by the will. Hence the will does not direct the executor to pay any tax on those inter vivos
transfers; on the contrary it impliedly directs that any such tax, whether federal or state, shall not be paid out of the testamentary estate but shall be borne by the inter vivos
transferees."
In Commercial Trust Co. of New Jersey v. Thurber,136 N.J. Eq. 471, the testator during his lifetime made certain intervivos gifts to his widow upon which taxes were assessed under the New Jersey Transfer Inheritance Tax Act and the Federal Estate Tax Act. The testator in his will directed his executors to pay all taxes upon his estate and upon any devise therein given, such taxes to be paid out of the capital of his residuary estate. The Court held that the direction contained in the testator's will did not exonerate the widow from reimbursing the executor of the testator's estate for the Federal and State inheritance and transfer taxes assessed against the inter vivos transfers. The Court stated at page 475: *Page 418 
"Here the decedent directed his executors in the management and administration of `my estate under this will,' to pay all federal and state inheritance and transfer taxes `upon my estate.' The quoted words have a clear and distinct meaning and in decisions in this state dealing with provisions in wills quite similar to the above quoted provision of decedent's will, it has been held that a direction in a will that executors should pay state and federal taxes assessed against a decedent's `estate' does not include state and federal taxes assessed on a decedent's estate against transfers of property made by him in his lifetime, because such property does not form part of decedent's estate at his death and does not pass under his will."
The testatrix in Phraner v. Stone, 137 N.J. Eq. 284,44 A.2d 504, exercised by her last will and testament a power of appointment vested in her under the terms of her mother's will, and by reason of the exercise of the power of appointment the appointed estate was included in her estate for federal estate tax purposes. The testatrix directed that all inheritance or transfer taxes levied against her estate be paid out of her residuary estate. The Court followed the decision of the Suydamcase, supra, and held that the testatrix was acting as a conduit for the distribution of that portion of her mother's residuary estate, and that the direction contained in her will relating to the payment of taxes was not intended to cover the appointed property, and that the appointee should reimburse the executors of the decedent's estate for taxes so paid.
In the instant case, the last will and testament of Louise G. Aldrich contains no testamentary direction as to the payment of taxes. Plaintiff therefore is not entitled to reimbursement for the taxes assessed and paid under the provisions of the Federal Estate Tax Act by reason of the inclusion in the testatrix' gross estate of the corpus of the trust created under the agreement of trust dated June 3, 1942. With respect to the taxes paid by the executor of the testatrix' estate upon the corpus of the intervivos trust under the provisions of the New Jersey Transfer Inheritance Tax Act, the executor is entitled to reimbursement.
Inheritance taxes in the absence of contrary testamentary provisions are assessed against and are payable by each legatee or devisee, and, if paid by the executor, is entitled *Page 419 
to reimbursement. "The federal estate tax falls upon the residuary estate, while the state transfer tax is assessed against the inheritance, and is chargeable against the recipient." The federal death duty is significantly denominated an estate tax. It is not a property tax; it is a tax imposed upon the transfer of the net estate of the decedent. It is not an inheritance tax. It is calculated on the net estate, and not on the legacies or distributive shares. In re Roebling's Estate,89 N.J. Eq. 163, 104 A. 295; appeal dismissed 91 N.J. Eq. 72, 108 A. 359; Turner v. Cole, 118 N.J. Eq. 497,179 A. 113.
Plaintiff also requests the Court to settle his account as executor, which account is annexed to the complaint, and to make the customary allowances of executor's commissions and counsel fees. The settlement of an executor's account is permitted by the Court as an incident to the granting of relief peculiarly within the province of the Court. In the present case the settlement of plaintiff's account follows as a natural consequence of the request for instructions and avoids multiplicity of procedure. The account having been audited by the Clerk of the Court and found correct, is allowed and approved.
Judgment in conformity with the foregoing.