OPINION Goffe, Judge: Respondent determined a deficiency in Federal estate tax against the Estate of Amory Lawrence Haskell, deceased, in the amount of $186,393.02. The petitioner is the executrix of the estate. Concessions have been made by both parties by a stipulation of agreed issues incorporated herein by reference. The sole issue remaining for decision is whether the amount of the marital deduction allowable for property passing to the surviving wife in trust should be diminished by the New Jersey transfer inheritance tax.[1] All of the facts have been stipulated. The stipulation of facts and exhibits attached thereto and supplemental stipulation of facts are incorporated herein and adopted as our findings. Petitioner is the duly appointed executrix of the last will and testament of Amory Lawrence Haskell, deceased. At the date of the filing of the petition herein she was a legal resident of Middletown, N.J. Amory Lawrence Haskell, also a resident of Middletown, N.J., died testate on April 12, 1966, and was survived by the following heirs, devisees, and legatees: Blanche Angell Haskell, age 53, decedent’s second wife and petitioner herein, his five children by his first marriage, and Cynthia de Forest Smith, age 13, daughter of Blanche Angell Haskell. The U.S. estate tax return here involved was filed with the district director of internal revenue at Newark, N.J., on July 5,1967, and an estate tax in the amount of $191,027.23 was paid. Decedent disposed of his entire estate in the following three articles of his last will and testament: SECOND: I mate no provision in this my Last Will and Testament for my children inasmuch as they have already been amply provided for by various trust funds. THIRD: In the event that my wife, BLANCHE ANGELL HASKELL, survives me I direct that my Executors and Executrix set aside an amount equal to the maximum estate marital deduction (allowable when determining the Federal Estate Tax on my gross estate) diminished by the value for Federal Estate Tax purposes of all items in my gross estate which qualify for said deduction and which pass or have passed to my wife, under other provisions of this Will or otherwise, and in making the computations necessary to determine the amount of this gift, the final determinations in the Federal Estate Tax proceedings shall control, which share of my estate I do hereby give, devise and bequeath unto my Executors and Executrix and Trustees hereinafter named IN TRUST NEVERTHELESS for the uses and purposes following, to wit: To invest and reinvest, and keep invested, in good marketable securities, without being limited to securities approved for trust funds, and to pay over the net income therefrom to my wife, BLANCHE ANGELL HASKELL, in quarterly or more frequent installments during the term of her natural life, with the right to use so much of the corpus of this trust as my wife, BLANCHE ANGELL HASKELL, shall in her sole discretion see fit, and upon her death the remainder of this trust shall vest and be distributed to such person or persons as my wife shall by her Last Will and Testament appoint without restrictions of any kind, and in default of such appointment, I direct my Trustees, upon her death, to retain the trust and to pay the income therefrom unto my wife’s daughter, CYNTHIA de FOREST SMITH, in quarterly or more frequent installments during the term of her natural life, and upon her death the remainder of this trust shall vest in her issue, and in the event of failure of issue, this trust shall go to my children, their heirs and assigns forever. FOURTH: All the rest, residue and remainder of my estate, real, personal and mixed and wheresoever situate, I give, devise and bequeath unto my Executors, Executrix and Trustees hereinafter named IN TRUST NEVERTHELESS, to invest and reinvest the same in good marketable securities, without being limited to securities approved for trust funds, and to pay the net income therefrom, in quarterly or more frequent installments, to my wife, BLANCHE ANGELL HASKELL, for and during the term of her natural life. Upon the death of my wife, BLANCHE ANGELL HASKELL, all the net income from this trust shall be used for the care, maintenance, support, education and. upbringing of my wife’s daughter, CYNTHIA de FOREST SMITH, for and during the term of her natural life, and upon the death of CYNTHIA de FOREST SMITH, the corpus of this trust shall go to her issue, and in the event of failure of issue, to my children, their heirs and assigns forever. Respondent admits that the property passing to the surviving spouse under the provisions of article Third of the will qualifies for the estate tax marital deduction and that the deduction is limited to 50 percent of the value of the adjusted gross estate. He contends, however, that the deduction should be reduced by the amount of the New Jersey transfer inheritance tax imposed upon the surviving spouse as beneficiary of the bequest under article Third. The applicable statutory provision from the Internal Revenue Code of 1954 is as follows: SBC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) Allowance oe Maeital Deduction. — For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. ******* (b) (4) Valuation of interest passing to surviving spouse. — In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section— (A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest; and The parties agree that New Jersey law is 'controlling. New Jersey lias a statute providing for the apportionment of Federal and New Jersey estate taxes, but that statute does not apply to the transfer tax involved herein. Petitioner contends that under New Jersey law the testator’s intent as to the burden of the transfer tax controls and further that the testator’s intent herein was to give the property to his wife free of the transfer tax. Respondent contends that the transfer tax imposes a liability upon the beneficiary of the estate rather than upon the estate as would an estate tax and because the will contained no specific provision as to the burden of the transfer tax, the surviving spouse must, therefore, bear her share of the transfer tax out of that portion of the estate which qualifies for the marital deduction. We are unable to find any decisions by New Jersey courts which directly bear upon the issue. In Morristown Trust Co. v. Childs, 128 N.J. Eq. 524, 17 A. 2d 559 (Chan. 1940), the court had before it the question of who bore the burden of the New Jersey transfer inheritance tax. Involved were gifts made prior to death but included in the gross estate and legacies and devises provided for in decedent’s will. The nature and effect of the transfer tax were described by that court as follows: Tbe taxes provided for under the New Jersey Transfer Inheritance Tax Act are legacy or succession taxes imposed on the right or privilege of succession; they are payable by the respective beneficiaries out of the testamentary gifts or intestate shares, Turner v. Cole, 118 N.J. Eq. 497, at 500, 179 A. 118; and if paid in the first instance by the executor or administrator the latter has the right of reimbursement from the beneficiary. Commercial Trust Co. v. Millard, 122 N.J. Eq. 290, 193 A. 814. Where, however, in a testate estate the will makes provision for such taxes in a manner different from that which would otherwise be the case, such provision is valid and controlling. Righter v. Fidelity Union Trust Co., 110 N.J. Eq. 169, 159 A. 393; (and see also Gaede v. Carroll, 114 N.J. Eq. 524, at 533, 169 A. 172, holding that a testamentary direction that federal estate taxes shall not 'be paid out of the residuary estate, is valid and controlling). In substance and effect such provisions constitute separate additional legacies, Chemical Bank & Trust Co. v. Barnett, 114 N.J. Eq. 4, 168 A. 173, if they provide for payment by the testamentary estate of taxes otherwise payable by beneficiaries. [17 A. 2d at 561.] Respondent argues that it is immaterial herein whether the estate or Mrs. Haskell paid the transfer tax. We agree with respondent. The issue here is who is burdened with the transfer tax; payment by the estate may involve the right of reimbursement. We recognize the distinction drawn by respondent that an estate tax is imposed on the estate but the transfer tax is imposed upon the beneficiary. We further recognize that the presumption of no burden of Federal estate tax on the marital deduction does not apply to the transfer tax. Such distinctions do not, however, render useless to us decisions of New Jersey courts determining the burden of the estate tax because the New Jersey courts recognize that a testator may shift the burden of the transfer tax from the beneficiary to the estate. National Bank of Newark v. Nadeau, 57 N.J. Super. 53, 153 A.2d 854 (App. Div. 1959). In Nadeau the testator not only stated his intent to give to his wife the maximum value in property that would be deductible as the marital deduction but he also provided that she should not be called upon to reimburse the estate for any Federal estate taxes or New Jersey inheritance taxes. Respondent contends that the Haskell will does not cause a shift of the burden of the inheritance tax from the widow to the estate because there is no specific provision as there was in Nadeau. We cannot agree with this conclusion. Article Third of the will directs the executors and executrix to set aside an amount equal to the maximum estate marital deduction diminished by other items in the gross estate Which qualify for the marital deduction. Nothing contained in the will of the decedent indicates an intention contrary to his intent to afford his estate the maximum marital deduction. Accordingly, the executors and executrix must transfer an amount not only sufficient to constitute one-half of the adjusted gross estate, but in addition an amount necessary to pay the transfer tax. This is the additional legacy referred to above in the quotation from OMlds. In arriving at such conclusion it is not necessary to resort to the rules of construction because the testator’s intent is not ambiguous or undefined. Morristown Trust Co. v. McCann, 19 N.J. 568, 118 A.2d 16 (1955). We are persuaded that a New Jersey court called upon to determine who should bear the burden of the transfer tax would follow the decision in Case v. Roebling, 42 N.J. Super. 545, 127 A.2d 409 (Ch. Div. 1956). That case involved the burden of Federal estate tax. The allocation of the transfer tax was not in issue because the burden fell upon each legatee in accordance with the testators basic aim to have each beneficiary bear the burden of tax attributable to his share. The court explained the intent of Congress in placing property of married couples residing in common law States upon an equal basis with property of married persons residing in community property States for. purposes of the Federal estate tax. It then concluded that the testator must have intended to benefit all of the beneficiaries by providing for the maximum marital deduction to keep the Federal estate tax at a minimum. In the Haskell will such intent of the testator is unmistakable. We conclude that the operation of the Federal estate tax upon testator’s language in article Third of the will is sufficient testamentary provision to shift the burden of the transfer tax from the beneficiary to the estate. Morristown Trust Co. v. Childs, supra. We conclude, therefore, that the marital deduction allowable for property passing to the widow of Amory Lawrence Haskell should not be reduced by reason of the Hew Jersey transfer inheritance tax. Decision will be entered under Bule SO. N.J. Stat. Ann. sec. 54 :33-1 et seq. (hereinafter referred to as the transfer tax).