PHILIP DEXTER & another, executors & trustees, *vs.* ROSSITER C. JACKSON & others.

Suffolk.     March 26, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Executor and Administrator*, Payment of taxes and expenses. *Devise and Legacy.   Tax*, On succession, Federal estate tax.

The federal estate tax upon the estate of a testator, who by his will exercised a power of appointment under two trusts created by his father and by his grandfather, respectively, being an excise upon the privilege exercised by a testator of passing property by will and not on the privilege of taking by

the persons in whose favor the testator made appointments under the trusts, must be paid out of the residue of the individual estate of the testator unless there be a testamentary expression of intention to the contrary.

No such testamentary expression of intention was found in a certain will and two codicils, where the will and one codicil were made before the enactment of the federal estate tax and, although providing for the payment of legacy taxes, made no mention of any estate tax and the second codicil, made after the enactment of the federal estate tax, made no mention of the matter and confirmed the will and first codicil.

It is a general rule that, in the absence of testamentary expression to the contrary, all expenses of the administration of the estate of one deceased, testate, are to be paid from the residue of the estate, even though they are incurred largely with reference to certain only of the legacies and not with reference to the will as a whole; and a decree made in accordance with such rule was affirmed.

PETITION, filed in the Probate Court for the county of Suffolk on June 12, 1922, by the executors and trustees under the will of Louise S. Canda, late of the city, county and State of New York, for instructions relating to whether a Massachusetts inheritance tax, a federal estate tax, and certain expenses of administration should be paid from the residue of the estate of the testatrix or from certain appointed funds.

In the Probate Court, the petition was heard by *Grant*, J., a guardian *ad litem* having been appointed for certain minors and persons unborn or unascertained. Material facts are described in the opinion. By order of the judge a decree was entered directing that the Massachusetts inheritance tax be paid from the trust fund for the benefit of certain remainder interests described in the opinion and created under a trust constituted by the ninth article of the will of the petitioners' testatrix; and that the federal estate tax and the expenses of administration of the estate be paid from the individual estate of the testatrix not in trust. Executors of the will of the husband of the petitioners' testatrix appealed from so much of the decree as related to the federal estate tax and the expenses of administration.

*F. C. Gray*, for the executors and trustees, stated the case.

*D. Kimball*, for the appellants.

*O. Wolcott*, guardian *ad litem* for certain minors and for persons unborn or unascertained.

*R. S. Wilkins,* for Rossiter C. Jackson and Louise S. Dyer.

DeCourcy, J.    This is a petition for instructions by the executors and trustees under the will of Louise S. Canda, to determine to what extent, if any, payments for Massachusetts legacy or inheritance taxes, the federal estate tax, charges for legal services and other expenses of administration, should be apportioned to the residue of the testatrix's individual estate, and to two trust funds over which she had and exercised a general power of appointment.

Mrs. Canda left a will, dated January 12, 1906, and two codicils dated respectively November 14, 1911, and August 7, 1918.    Besides her own individual estate she had a general power of appointment by will over two trust funds: one created by the will of her father Charles T. Hubbard, and herein called the " Hubbard Trust," the other created by her grandfather Benjamin Sewall, and herein called the " Sewall Trust."    By her will she appointed certain legacies of specific sums out of the Hubbard Trust; and then provided in article seventh: " I direct that no deduction shall be made from any of the foregoing legacies on account of any legacy, inheritance or succession tax or taxes, whether the same be imposed by the United States or by any of the States, and that each of such legacies shall be paid in full."    By article eighth the testatrix appointed from the Sewall Trust: " To my executors hereinafter named a sum sufficient to supply the deficiency, if any there be, in the amount held for my benefit under the said will of my late father to enable them to pay in full and without any deduction all of the foregoing legacies."    By article ninth she appointed all the rest and residue of the Hubbard and Sewall trusts in trust for the benefit of her two children for life, with a general power of appointment by will, and a gift in default of appointment. Article tenth gave the residue of her property, other than that comprised in said two trust funds, to her husband.

The testatrix gave certain bequests by her first codicil, and then provided: " Eleventh.    I direct that any legacy or inheritance taxes that may be payable in respect of any of the legacies contained in this codicil be paid out of the

residue of my estate. And whereas I have by my said will directed that certain property be held in trust for the benefit of my children during their lives, now, therefore I direct that all legacy or inheritance taxes which may be payable in respect of any life estates so as aforesaid created by my said will be paid out of the capital of the trust fund and not out of the income thereof. . . . " The second codicil, which was executed after the enactment of the federal estate tax, made certain bequests, and provided: " Fourth. In all other respects I confirm my said will and the first codicil thereto."

The individual estate of the testatrix consisted of personal property valued at $104,921.61. From the Hubbard Trust the petitioners received $49,459.95. As a result of legal proceedings instituted by them in the State of New York, no inheritance tax was levied by that State on any of the legacies appointed from that trust; nor has any tax been imposed on the property received from said Hubbard Trust. The petitioners have received from the Sewall Trust appointed property valued at $413,853.36, and have paid the only legacy or inheritance tax assessed by any State thereon; namely one imposed by this Commonwealth on certain interests in Massachusetts real estate held under the Sewall Trust. A federal estate tax was imposed under the United States revenue act of 1918 (40 U. S. Sts. at Large, 1096) upon all property passing by the will of Mrs. Canda, including all property appointed from the Hubbard and Sewall trusts. The plaintiffs have paid this tax, amounting to $15,173.04.

It is conceded by all parties that the Massachusetts inheritance tax, assessed on the value of the remainder interests in the trust created by article ninth of the will, should be paid from the principal of said trust fund, — in accordance with the decree of the Probate Court.

The federal estate tax is a tax on the net estate transferred by death, and not on the particular devises, legacies or distributive shares. It is an excise on the privilege exercised by the testatrix of passing property by will, not on the privilege of taking by the legatees. It must be paid

out of the residue of the estate unless there be a testamentary expression of intention to the contrary. *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471. *Old Colony Trust Co.* v. *Treasurer & Receiver General,* 238 Mass. 544. It is true that in those two cases the question arose between specific pecuniary legacies and the residuary estate, while here it arises between appointed property and the residue. But if the burden of the tax is not to be borne by a bequest from the testatrix's own property, no reason appears why it should be borne by appointed property, which is not assets of her estate, but that of the donor of the power. *Matter of Canda,* 197 App. Div. (N. Y.) 597. *Hill* v. *Treasurer & Receiver General,* 229 Mass. 474, 476. Although by the terms of this federal statute, appointed and other property not properly part of the estate is to be taken into account in measuring the amount of the tax, it is the estate itself which must bear the burden of the tax. This tax is " imposed upon the transfer of the net estate of every decedent" (§ 401); it is to be paid by the executor (§ 407); and § 408, after providing for the reimbursement of any legatee from whom the tax is collected, states, " it being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution."

We find no intention expressed by the testatrix that the residue should be exonerated from the payment of this tax. The seventh paragraph of the will makes no reference to any estate tax, federal or State. There is nothing to indicate that an estate tax was within the contemplation of the testatrix in the eleventh article of the first codicil. Its purpose plainly is to relieve the life tenants, by transferring to the capital of the trust estate any burden lying on the income. She did not then, or in the second codicil, (executed after the date of the federal estate tax) attempt to shift this burden. The Probate Court was right in its decree that the whole of the federal estate tax should be " paid out of the testatrix's individual property not in trust, namely from the residue of the estate."

As to the legal expenses and other costs of administration: The apparent inequity of charging the personal estate of the testatrix with some of the expenses, especially those incurred in successfully defending the appointed property against an attempted tax under the New York law, is forcibly urged upon us. But the petitioners are executors and trustees under the will of Louise S. Canda. It was in that capacity that they performed whatever services were rendered as to property appointed and turned over to them from the Hubbard and Sewall trusts. In carrying out the will of the testatrix as to the disposition of her estate, it became their duty to deal with the property over which she had a general power of appointment. See *Minot* v. *Treasurer & Receiver General*, 207 Mass. 588, 591. The general rule is that all expenses of administration are to be paid from the residue, even though they are incurred largely with reference to certain legacies, and not to the will as a whole. *Bowditch* v. *Soltyk*, 99 Mass. 136. *Deane* v. *Home for Aged Colored Women*, 111 Mass. 132. *Bartlett, petitioner*, 163 Mass. 509. And see *Tuell* v. *Hurley*, 206 Mass. 65; *Old Colony Trust Co.* v. *Treasurer & Receiver General*, 238 Mass. 544, 549. On the whole we think the Probate Court was right in applying that rule in the present case, rather than to attempt a complicated apportionment which the testatrix never directed. In short, we find no error in the decree appealed from.

Costs of appeal, as between solicitor and client, are to be determined by the Probate Court.

*Decree affirmed.*