JOHN TURNER et al., complainants-respondents,

*v.*

CLARENCE L. COLE, SR., et al., defendants-respondents, and VINCENT JEROME JOHNSON, defendant-appellant.

[Argued February 6th, 1935—Decided May 17th, 1935.]

*Messrs. Thompson & Hanstein,* for the appellant.

*Messrs. Wm. M. & Thos. R. Clevenger,* for the complainants-respondents.

The opinion of the court was delivered by

HEHER, J.

The decree herein is affirmed for the reasons stated in the opinion of Vice-Chancellor Sooy.

The tax questions raised were not dealt with in the opinion below (presumably because they arose out of it), and we proceed to consider them.

There is no substance to the claim that the decree is erroneous, "in that it does not direct the payment of the inheritance taxes [assessed by the State of New Jersey] by the Turners, in cash." The decree provides for the transfer to the Turner line of their "undivided interest" in the investments of the proceeds of the sale of the real estate, "at par;" and that "the difference between the sale prices and the investments aforesaid, shall be made up by investments made from income after deducting $2,910.49 from the $5,891.02 paid out for court costs, expenses and counsel fees in making said sales through the several proceedings conducted through this court and the amount paid to the State of New Jersey for transfer inheritance taxes assessed against the said parties for interest in the real estate of the deceased lunatic." The ground of complaint is that "from that proportion which each Turner is entitled to in any mortgage, there is to be withheld by the guardian a certain proportion of the mortgage, out of

which either the guardian, or the administrators *pendente lite,* must pay the \* \* \* tax due \* \* \* on the inheritance of that particular Turner;" and that in the event the retained interest in the investment is liquidated at a loss, the difference "will have to be paid out of the Johnson share in the estate."

But this fear of loss is, in our opinion, entirely unfounded. The provision in question was a practical adjustment of the rights and obligations of the several parties in interest, including the administrator, upon whom the statute imposes a personal liability. We regard the pertinent provisions of the decree as entirely adequate to safeguard all parties in interest against an inequitable distribution of the burden of these taxes. Paragraph 21 of the decree reserves the right, "if occasion shall require," to apply to the court for directions "in aid of the practical distribution or division of the investment among the parties in interest." Moreover, the guardian seems to have been directed, by a prior order, to set up an ample reserve fund ($40,000) for the payment of taxes. The provisions of paragraph 21 may be invoked at any time to secure the parties against inequality in the distribution of the common property.

Nor do we find any merit in the contention that the decree should have provided for the payment by each of the Turner line "of his proportionate share of the federal estate tax."

The Johnsons take the entire personal estate; and the insistence of appellant is that "there is no statute that requires the personal estate of the Johnsons to pay the tax on the real estate inherited by the Turners;" that the sum set aside for the payment of taxes was a part of the residue that would ultimately go to the Johnsons, and that the decree, in effect, requires the Johnsons to pay the federal estate tax. To be more specific, the contention is that there is no analogy between this and a testamentary disposition "wherein certain specific legatees, or devisees, and certain named persons inherit the residuary estate," in which event it is conceded the federal tax would be chargeable to the residuary estate; but that here, if the appellant's contentions on the main case

are rejected, "the Johnsons and the Turners inherited that which was representative of real property, without either being entitled to preference of payment as against the other." This claim is not well founded. These cases do not admit of a distinction in principle.

The federal estate tax falls upon the residuary estate, while the state transfer tax is assessed against the inheritance, and is chargeable against the recipient. Although this court did not pass upon the question when the case came before it, we concur in the view expressed by Vice-Ordinary Backes in the *Roebling Case, 89 N. J. Eq. 163*; appeal dismissed, *91 N. J. Eq. 72,* that "there is no apportionment" of the federal estate tax "among the various transferees," and that "the real estate, devised or descending," is not liable to contribution. The federal death duty is significantly denominated an "estate tax." It is not a property tax; it is a tax "imposed upon the transfer of the net estate" of the decedent. *26 U. S. C. A. § 1092.* It is not an inheritance tax. It is calculated on the net estate, and not on the legacies or distributive shares.

There is a well defined distinction between an estate tax and a legacy or succession tax. "The right or privilege tax can, perhaps, be regarded either as the right or privilege of the owner of property to transmit it on his death, by will or descent, to certain persons, or as the right or privilege of these persons to receive the property." *Minot v. Winthrop, 162 Mass. 113; 38 N. E. Rep. 512; 26 L. R. A. 259.* See, also, *United States v. Perkins, 163 U. S. 625; 41 L. Ed. 287.*

But, as pointed out in *Hanson's Death Duties 63,* the federal death duty is levied not upon "the interest to which some person succeeds on a death, but the interest which ceased by reason of the death." And while an inheritance tax is not "one on property, but one on the succession," the property is chargeable with the tax, and "is called a succession." *Knowlton v. Moore, 178 U. S. 41; 20 S. Ct. 747; 44 L. Ed. 969; Hanson's Death Duties 40.* A distinguishing characteristic is that the estate duty is payable "out of the general revenue of the estate." Mr. Chief-Justice White, in *Knowlton v. Moore, supra,* stated the apposite principles in dealing with a

somewhat similar statute: "Taxes of this general character [death duties] are universally deemed to relate, not to property *eo nomine,* but to its passage by will or by descent in cases of intestacy, as distinguished from taxes imposed on property, real or personal, as such, because of its ownership and possession. In other words, the public contribution which death duties exact is predicated on the passing of property as the result of death, as distinct from a tax on property disassociated from its transmission or receipt by will, or as the result of intestacy. * * * This [the estate tax], like the probate duty, was a tax distinct from those imposed by the legacy and succession duty acts upon the receipt of real or personal property, or an interest therein. * * * This tax is payable out of the general revenue of the estate."

There are cases which lay down the rule that "every portion of the estate should bear its proportionate part of the tax, subject, however, to the right of the decedent to provide by will out of what portion of his estate the tax should be paid." *Hampton's Adm'rs* v. *Hampton, 188 Ky. 199; 221 S. W. Rep. 496; 10 A. L. R. 515.* And there is a line of cases which hold that the federal estate tax should not all be imposed upon the residuary legatee, unless the will so provides, but should be prorated among the recipients of the testator's bounty. *Williams* v. *State, 81 N. H. 341; 125 Atl. Rep. 661; Foster* v. *Farrand, 81 N. H. 448; 128 Atl. Rep. 683; Fuller* v. *Gale, 78 N. H. 544; 103 Atl. Rep. 308.* These latter cases proceed on the theory that "if there is no will and the estate is divisible among several heirs, the share of each is necessarily depleted *pro rata* by the tax." *Williams* v. *State, supra.* The *Hampton Case, supra,* is grounded upon the hypothesis that the congress "did not intend to discriminate between the heirs and distributees," but evinced a purpose that "every portion" of the estate should bear a *pro rata* share of the tax burden, unless the decedent by will makes other provision. This case is not, in our opinion, soundly based; we find no such legislative purpose expressed in the statute in question, nor is it fairly to be implied.

The estate tax, as pointed out, is imposed upon the transfer of the "net estate." *26 U. S. C. A. § 1092.* It is required

to be paid, one year after the death of the deceased, by the executor or administrator. *Ibid.* § *1097.* The statute contains no direction for the apportionment of the duty among the legatees, devisees or distributees; rather the contrary. The tax is to be paid out of the *residuum* before distribution. It is expressly provided that if the tax, or any part thereof, "is paid by, or collected out of that part of the estate passing to or in the possession of, any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for. the payment of taxes, debts, or other charges against the estate, it being the purpose and intent of this chapter that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid *out of the estate before its distribution."* *Ibid.* § *1114.* The design of the congress was clearly to levy a duty "on the estate and not on the particular devises, legacies or distributive shares." *Plunkett* v. *Old Colony Trust Co., 233 Mass. 471; 124 N. E. Rep. 265.* See, also, *In re Hamlin, 226 N. Y. 407; 124 N. E. Rep. 4.*

And it is the general rule that, in default of testamentary provision to the contrary, "debts, charges and all just obligations upon an estate" must be paid out of the residue. "The benefaction conferred by the residuary clause of a will is only of that which remains after all paramount claims upon the estate of the testator are satisfied." *Plunkett* v. *Old Colony Trust Co., supra.* And the principle is the same in the case of intestacy. The tax is a pecuniary burden or imposition laid upon the estate. *New Jersey* v. *Anderson, 203 U. S. 483, 492; 27 S. Ct. 137, 140; 51 L. Ed. 284; Plunkett* v. *Old Colony Trust Co., supra.* Such a death duty is not a debt. Debts are obligations for the payment of money founded upon a contract, express or implied. Taxes are imposts levied for the support of the government, or for some special purpose authorized by law. *Meriwether* v. *Gar-*

*rett, 102 U. S. 472, 513; 26 L. Ed. 197.* But, while not technically describable as a debt, it is akin to such an obligation in respect of the ascertainment of the *quantum* of the *residuum* for distribution, both in cases of testacy and intestacy. The residuary estate, as noted, is that which remains after all paramount claims upon the estate have been provided for.

It seems to be conceded that the distribution of the burden of taxation among the several beneficiaries is a matter of state regulation. Compare *Edwards* v. *Slocum, 264 U. S. 61; 44 S. Ct. 293; 68 L. Ed. 564.* But no regulatory statute relating to the apportionment of the burden of the federal estate tax has been adopted in this state.

It is evident, therefore, that the tax at issue is an "estate tax," as distinguished from an inheritance tax, and is payable by the estate before distribution, and not by the distributees or beneficiaries. It follows that the burden of the tax falls upon the personal estate.

Appellant also complains that the decree imposes upon the Johnsons "the burden of seeing to it that the assets liquidated sufficiently to pay the state inheritance tax and federal estate tax;" that it is possible the estate may "not be liquidated at par," and that it is "entirely conceivable that the entire interests of the Johnsons might, under some circumstances, be wiped out, and the Turners would then be paid in full."

Suffice it to say, that this is one of those remote possibilities that need not be considered in the reckoning of human affairs; and that, if the danger of loss materializes, relief may be had by invoking the provisions of paragraph 21 of the decree. What we have said of the criticised provisions of the decree relating to the state inheritance tax is equally apposite here.

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.  13.

*For reversal*—None.