Orray E. Thurber, a resident of this state, died April 23d 1941, leaving a will admitted to probate by the surrogate of Monmouth County May 9th, 1941, on which letters testamentary were granted to complainant and to the defendants Mary B. Thurber (decedent's widow) and John S. Sherman. An addition by way of supplement to the original bill of complaint contains the following allegations and presents the following questions.
The State of New Jersey assessed against Mrs. Thurber transfer inheritance taxes with respect to transfers made to or for her benefit by decedent in his lifetime of annuities upon a valuation of $61,473.74 purchased December, 1937, from several insurance companies; also with respect to a bank account in a Palm Beach, Florida, bank standing in the joint names of decedent and Mrs. Thurber in which there was a balance of $7,811.21 as of the date of decedent's death; also with respect to a legacy of $100,000 bequeathed by decedent's will to Mrs. Thurber. Said transfer inheritance tax amounting to $3,721.40, has been paid by the executors.
The Federal Commissioner of Internal Revenue assessed federal estate taxes against decedent's estate including therein the annuities mentioned above at a valuation of $224,786.04; the transfer by decedent in his lifetime to Mrs. Thurber of property at Elberon in this state known as Cricket Lodge, at a valuation of $15,000; the balance of $7,811.21 in the Palm Beach bank; the sum of $12,800 contributed by decedent in his lifetime toward the purchase by Mrs. Thurber of 416 Sea Breeze Avenue, Palm Beach. The executors have paid $122,337.03, the federal estate tax assessed against decedent's estate, and interest thereon of $4,411.97.
The questions presented by the supplemental bill are: (a) whether Mrs. Thurber is obligated to reimburse decedent's executors for a portion of the aforesaid state transfer inheritance tax paid by them; (b) whether Mrs. Thurber is obligated to reimburse decedent's executors for a portion of the aforesaid federal estate taxes assessed against decedent's estate and paid by them; (c) whether the insurance companies from whom the annuities were purchased are liable to *Page 473 
reimburse decedent's executors for part of the state inheritance and federal estate taxes paid by reason of including in the taxable estate of decedent, the aforesaid annuities.
The correctness of the foregoing allegations and of amount of the aforesaid taxes paid by the executors is not in dispute. Mrs. Thurber denies liability for any part of the state inheritance or federal estate taxes and contends that by the terms of decedent's will his residuary estate is charged with the payment of all such taxes. She also contends that if the taxes assessed by reason of the aforesaid annuity contracts are not properly payable out of decedent's residuary estate, then as between her and the insurance companies the burden should be borne by the latter. The insurance companies deny liability for any part of the aforesaid taxes. The residuary legatees assert that Mrs. Thurber is liable to reimburse decedent's executors for all state and federal taxes paid by them on account of said annuities and property or interests transferred to her by decedent in the latter's lifetime.
The decedent's will provides as follows:
"Twenty-fifth: I order and direct my executors in the management and administration of my estate under this will; (a) to pay any and all federal, state and foreign, estate, succession, inheritance and transfer taxes upon my estate, real and personal, and upon any devise, legacy, estate or interest given or created by this will generally out of the capital of my residuary estate, and I give to them full power to agree with any taxing authority upon a compromise of any such tax upon any devise, legacy, estate or interest given or created by this will, vested or contingent * * *."
The state transfer inheritance tax assessed against a testamentary gift is payable by the recipient thereof (Turner
v. Cole, 118 N.J. Eq. 497; Fidelity Union Trust Co. v. Suydam,125 N.J. Eq. 458). The federal estate tax is imposed on the passing of property from a decedent at and by reason of his death and is payable out of his residuary estate (Turner v. Cole,supra; Fidelity Union Trust Co. v. Suydam, supra; MorristownTrust Co. v. Childs, 128 N.J. Eq. 524) but if his will directs otherwise as to state and federal taxes, such direction is valid and controlling. Gaede v. Carroll, 114 N.J. Eq. 524; FidelityUnion Trust Co. v. Suydam, supra; Morristown Trust Co. v.Childs, supra. *Page 474 
Under the above quoted provision of decedent's will, it is clear that the taxes state and federal, levied because of or with respect to the $100,000 legacy bequeathed to Mrs. Thurber by decedent's will, are chargeable generally against decedent's residuary estate and not against Mrs. Thurber personally and the question here is whether that provision is broad enough to exempt Mrs. Thurber from liability for such taxes as were levied against or by reason of the inter vivos interests and property transferred to her by decedent prior to his death and taxable for state and federal purposes, although forming no part of decedent's estate at his death and in which Mrs. Thurber acquired no interest under decedent's will.
It is argued on behalf of Mrs. Thurber that at the time decedent executed his will he was a wealthy man (his gross estate amounted to more than $600,000) and maintained a high standard of living for himself and his wife, with homes in this state and Florida and that to insure that standard of living not only for their joint lives but for Mrs. Thurber if she survived him, decedent gave her the two houses, expended $250,000 in purchasing annuities which assured them for their joint lives and for the survivor an annual income of $18,800, payable monthly, and by his will gave her a legacy of $100,000 and directed the cancellation of a $40,000 mortgage which he controlled covering one of the aforementioned houses he had given her; hence the above quoted provision of decedent's will should be read so as to interpret his intention to be that his wife, in order to maintain the standard of living he had established, should have all the property he gave her, whether by gift in his lifetime or by will after his decease, free and clear of state and federal taxes and that if any such taxes were levied against such property, his executors in the management and administration of his estate, should pay such taxes out of his residuary estate, and particularly so as to federal estate taxes the burden of which is placed by law on a decedent's residuary estate. In other words, that the twenty-fifth clause of decedent's will discloses decedent's intention that all taxes which might be levied against decedent's taxable estate should be paid by his executors. It is pointed out that the provision for payment of taxes by the *Page 475 
executors consists of two parts, first the direction to pay any and all federal and state taxes which might be levied on decedent's estate, and second to pay all such taxes which might be levied upon any devise, legacy or interest created by his will and it is contended that the first direction is so broad that it should be held to refer not only to federal and state taxes which might be levied on decedent's estate passing under his will but that it should include any and all taxes on property or interest which might be held to be subject to state and federal taxation other than a devise, legacy or similar interest to which he referred in the second part of the provision in question, as given or created by his will.
Of course it is the court's primary duty in construing a will or any part thereof, to ascertain the testator's intention and to give such intention effect, but when the words used by a testator are unambiguous and have a clearly understood meaning the duty of the court is to give effect to what the testator did say and not to what the court might think he meant to say.
Here the decedent directed his executors in the management and administration of "my estate under this will," to pay all federal and state inheritance and transfer taxes "upon my estate." The quoted words have a clear and distinct meaning and in decisions in this state dealing with provisions in wills quite similar to the above quoted provision of decedent's will, it has been held that a direction in a will that executors should pay state and federal taxes assessed against a decedent's "estate" does not include state and federal taxes assessed on a decedent's estate against transfers of property made by him in his lifetime, because such property does not form part of decedent's estate at his death and does not pass under his will. Gaede v. Carroll,supra; Commercial Trust Co. v. Millard, 122 N.J. Eq. 290;Fidelity Union Trust Co. v. Suydam, supra; Morristown TrustCo. v. Childs, supra; Marks v. Equitable Life AssuranceSociety, 135 N.J. Eq. 339. The conclusion I reach is that Mrs. Thurber must reimburse the executors for such proportion of state and federal taxes paid by them as were levied against the property *Page 476 
transferred to her by decedent in his lifetime (including the Palm Beach bank account) and that such reimbursement should be without interest.
It is further contended on behalf of Mrs. Thurber that if this court should determine that a right of reimbursement exists to decedent's executors by reason of so much of the tax payments made by them as were occasioned by the annuity contracts, then as between Mrs. Thurber and the insurance companies issuing the contracts of annuity, the burden of such taxes should be upon the insurance companies on the theory that where the burden of taxes on inter vivos transfers is not to be placed on decedent's residuary estate, such burden is on the transferee of the fund given; that the insurance companies, not Mrs. Thurber, were the transferees of the funds which created the annuity contracts and therefore those companies should be held liable for such taxes.
The applicable federal Estate Tax Act as it was at the date of decedent's death, is section 827 (b), 26 U.S.C.A., which provides:
"If (1) except in the case of a bona fide sale for an adequate and full consideration in money or money's worth, the decedent makes a transfer, by trust or otherwise, of any property in contemplation of or intended to take effect in possession or enjoyment at or after his death, or makes a transfer, by trust or otherwise, under which he has retained for his life * * * the possession or enjoyment of, or the right to the income from, the property, or (2) if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if in either case the tax in respect thereto is not paid when due, then the transferee, trustee or beneficiary shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer, or to the extent of such beneficiary's interest under such contract of insurance, shall be subject to a like lien equal to the amount of such tax * * *."
The decedent in his lifetime entered into contracts with the insurance companies by which for a consideration then agreed on and paid by him, he obtained their agreement to pay or contribute for the benefit of himself and Mrs. Thurber for their joint lives, and for the survivor, a definite annual sum payable monthly. No gift was made to the insurance companies and no trust was created. What decedent purchased *Page 477 
was a benefit for Mrs. Thurber to take effect on his death, namely the payment of that annual sum for her life. To recover any part of federal estate tax by reason of those annuity contracts it must appear that the insurance companies were transferees of a fund within the meaning of 26 U.S.C.A., § 827
(b), but it appears that under said contracts the companies were not transferees or trustees nor were they beneficiaries. They were contractual debtors to the annuitants named in those contracts (McLaughlin v. Equitable, c., Soc., 112 N.J. Eq. 344; Marks v. Equitable, c., Society, supra) and therefore the companies do not come within the meaning of said section (John Hancock, c., Co. v. Helvering, 128 Fed. Rep. 2d745; Marks v. Equitable, c., Society, supra). Nor is the federal Estate Tax Act, 26 U.S.C.A., § 826 (c) applicable. Under that section the ultimate liability for payment of federal estate taxes imposed on proceeds of life insurance upon the life of a decedent receivable by a beneficiary other than the executor is placed on the beneficiary. It has been held that an insurance company which has issued a policy containing settlement options providing that the proceeds be left on deposit with it and applied in accordance with such options, is not liable for the payment of any portion of federal estate taxes assessed on the value of such policy because it was not a beneficiary as contemplated by said section 826 (c). John Hancock, c., Co. v.Helvering, supra; Marks v. Equitable, c., Society, supra.
Upon the death of decedent Mrs. Thurber became the sole beneficiary under the annuity contracts. The value, at date of death of decedent, of the annuity contracts purchased by him was subject to federal estate taxes under 26 U.S.C.A., § 811 (c) (Commissioner of Internal Revenue v. Clise, 122 Fed. Rep.
2d 998; Mearkle's Estate v. Commissioner of InternalRevenue, 129 Fed. Rep. 2d 386) and such value was a taxable transfer for state transfer inheritance taxes within the meaning of R.S. 54:34-1 (Central Hanover, c., Co. v.Martin, 129 N.J. Eq. 186; affirmed, 127 N.J. Law 468;129 N.J. Law 127; affirmed, sub nom. Central Hanover, c., Co. v. Kelly,319 U.S. 94) in both instances on the ground that there was a transfer made to Mrs. Thurber *Page 478 
in contemplation of or intended to take effect in possession or enjoyment after decedent's death. As sole beneficiary under said policies at decedent's death she is liable for the aforesaid taxes assessed by reason of the policies.
I assume that counsel will agree on the proportion of the taxes in question which should be charged against Mrs. Thurber and for which she should be directed to make refund to decedent's executors. *Page 479