Essex County Orphans Court.

IN THE MATTER OF THE ESTATE OF CHARLES W. OATHOUT, DECEASED.

Decided March 22, 1947.

For the accountant, *Emerson, Emery & Danzig* (*Sigurd A. Emerson* and *Charles W. Kappes, Jr.*).

For the exceptants, *Harry Lane, Jr.*

CLAPP, A. M.  By this motion to strike exceptions to an account, I am asked to decide a question suggested but not answered in *Pollack* v. *Bowman,* 139 *N. J. Eq.* 47; 47 *Atl. Rep.* (*2d*) 881, namely, where investments retained in a trust are listed in a schedule to an account, is the decree, entered on the account by default, *res judicata* as to a charge that in retaining them the accountant had been willfully unfaithful to his trust.

An intermediate account of the Fidelity Union Trust Company as trustee under Charles W. Oathout's will was allowed by decree of this court in 1938.  In Schedule A of the account—the papers filed in the 1938 proceeding are before me by agreement of counsel—appears a list of the trust assets then on hand, including this item:

|  | Carrying Value | Market Value as of May 23, 1938 [date of the account] |
|---|---|---|
| 228 shares Fidelity Union Trust Company, common, $10 par incorporated in the State of New Jersey. Dividend reductions are reflected in the following record: On $25 par shares $5.50 paid in 1932; $1 paid in 1933. On $10 par shares $0.10 paid in 1934. $1.20 per year paid in 1935 and 1936. $0.75 paid semi-annually in 1937 and to date in 1938 .................. | $44,688.70 | $5,700.00 |

By the third exception to the trustee's final account now before the court, the exceptants in effect charge it with hav-

ing, designedly for its own benefit, retained in the trust since the testator's death 228 shares of its stock, although it knew the "stock was an improper investment * * * subject to an extraordinary diminution in value." The trustee moves to strike this and other exceptions as insufficient in law, contending, *inter alia,* that the 1938 decree is *res judicata* as to the issue raised by the third exception.

*Pollack* v. *Bowman, supra,* held that where investments retained in a trust are listed in a schedule to an account, the decree settling that account is *res judicata* as to any exception which might have been taken because of negligence in retaining them; it distinguished a matter of self-dealing. *Shearman* v. *Cameron,* 78 *N. J. Eq.* 532; 80 *Atl. Rep.* 545, held a decree on account *res judicata* as to a matter of self-dealing which had been somewhat alluded to in one of the charges in the account; but apparently there was no claim there of infidelity to the trust. Self-dealing, be it observed, is not so gross an offense as that charged here; the rule as to self-dealing is grounded, not upon a supposition of actual infidelity, but upon the principle that it would be insufferable to allow a fiduciary to put himself in a position where he may be led into temptation in that regard.

I find neither authority, nor analogy for limiting the conclusiveness of a decree, so as to hold it *res judicata* as to negligence but not as to bad faith. The doctrine of *res judicata* admits of no exception because of the monstrousness of the misdeed allegedly involved in the adjudication, provided the parties in interest have been accorded a fair opportunity to be heard on the matter.

There can be no question here but that the above item in Schedule A of the 1938 account apprised the exceptants of the self-dealing or, rather, self-involvement here; the trustee by that item asserted that it was retaining its own stock in the trust. *Rothenberg* v. *Franklin Washington Trust Co.,* 129 *N. J. Eq.* 361; 19 *Atl. Rep.* (*2d*) 640. The question I am met with is whether the issue of good faith was tendered in the 1938 proceeding; for an estoppel by decree does not arise, aside of the issues raised in the record. *Munday* v. *Vail,* 34 *N. J. L.* 418. The paramount object of a proceeding

on account is to settle the liabilities of the accountant to the estate in his charge. In the entry on the schedule disclosing the accountant's retention of its own stock, not merely its negligence, but surely its good faith also was drawn into issue. *Pollack* v. *Bowman,* 23 *N. J. Mis. R.* 73, 76; 41 *Atl. Rep.* (2d) 253.

The exceptants failed to except to the 1938 account; and the decree on the account discharged the trustee from any alleged liability as to the matter of good faith, existing prior to the date of the account. *Pollack* v. *Bowman,* 23 *N. J. Mis. R.* 73; 41 *Atl. Rep.* (2d) 253; *Cf. Brown* v. *Fidelity Union Trust Co.,* 135 *N. J. Eq.* 404; 39 *Atl. Rep.* (2d) 120; annotated in 67 *N. J. L. J.* 400. Since that date, the stock in question has risen in value; and the accountant therefore cannot be surcharged because of its conduct since then.

It may be, as exceptants suggest, that to set up an extra-judicial estoppel as to a breach of trust, the *cestui que trust* must not only have been informed of the facts but also have known and deliberately waived his legal rights. *Pollack* v. *Bowman,* 139 *N. J. Eq.* 47; 49 *Atl. Rep.* (2d) 881, *supra.* However, to erect an estoppel by decree, a fiduciary, when accounting, is not obliged to render an account of the law involved. *In re Weir's Will,* 182 *Misc.* 845; 46 *N. Y. Supp.* (2d) 551, 556. Nor, in the very nature of things, should the decree be held conclusive only where the accountant can establish that the respondents deliberately chose to abide by it.

This disposes of the third exception. By the second exception, it is alleged that in retaining its stock since the testator's death as above stated, the trustee—even though it acted in good faith and with due care—violated its duty of undivided loyalty. The law in this state is contrary. *In re Griggs,* 125 *N. J. Eq.* 73; 14 *Atl. Rep.* (2d) 59; *affirmed,* 127 *N. J. Eq.* 362; 12 *Atl. Rep.* (2d) 705; *In re Riker,* 124 *N. J. Eq.* 228; 1 *Atl. Rep.* (2d) 213; *affirmed,* 125 *N. J. Eq.* 349; 5 *Atl. Rep.* (2d) 685. Besides it follows *a fortiori* from the principles stated, that the decree on account entered in 1938 is *res judicata* as to this issue.

That decree is *res judicata* upon another issue raised in the second exception, namely, whether an undue portion of the

assets of the trust was invested in the trustee's stock; this too was an issue plainly tendered by the 1938 account.

Exceptants, remaindermen, are unaffected by allowances prayed for out of income; and hence the fourth, fifth and seventh exceptions fall. The sixth, seventh, eighth and ninth exceptions fall for several reasons, among others, because they do not state specifically the reasons for the exceptions, nor in some respects do they state the "items and particulars objected to." *Orphans Court Rule* 26; *N. J. S. A. Tit.* 2, *Appendix*. Moreover as to the ninth exception it should be noticed that where a decree on account is impeachable because of fraud in the procurement or for other cause, it is not subject to collateral attack by means of an exception to a later account; it must be attacked directly on a petition to open up the decree. *In re Slater's Estate,* 88 *N. J. Eq.* 296, 301; 102 *Atl. Rep.* 384.