7 N.J. Super. 576 (1950)
72 A.2d 363
GEORGE P. BRAUBURGER ET AL., SURVIVING TRUSTEES, ETC., PLAINTIFFS,
v.
MARTIN J. SHERIDAN, JR., ET AL., DEFENDANTS. GEORGE P. BRAUBURGER ET AL., AS TRUSTEE, ETC., PLAINTIFFS,
v.
ELINOR S. RILEY ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 29, 1950.
*578 Mr. Walter E. Cooper, for the plaintiffs.
Messrs. Herr & Fisher (Mr. Ryman Herr, of counsel), for defendant Martin J. Sheridan, Jr.
Mr. William H. Campbell, Jr., guardian ad litem, pro se.
Messrs. Pitney, Hardin & Ward (Mr. Charles R. Hardin, of counsel), for other defendants.
JAYNE, J.S.C.
These two plenary proceedings to obtain judicial settlements "under special circumstances" of the accounts of the trustees are instituted in pursuance of the authority conferred by Rule 3:94-3 of our civil practice.
The one (C-174-49) is the account presented by the surviving trustees of the trust created by the last will and testament of Martin J. Sheridan, deceased; the other (C-175-49) is that submitted by the trustees of an inter vivos trust originated on November 1, 1935, by Adrienne W. Sheridan, who was the life tenant of both trusts and also a co-trustee of the testamentary trust. Adrienne W. Sheridan, a resident of Hunterdon County, New Jersey, died on February 21, 1948.
*579 In limine the defendants impugn the composition of the accounts. The accountants have listed in Schedule H of each account the assets of the trust as of the last day of the accounting period, stating only the present market or new revaluated book value.
Manifestly the accountants have ignored the requirements of Rule 3:95-2. It is incumbent upon an accountant to set forth in the statement of assets "the inventory value or the value when he acquired them and the value as of the day the account is drawn," and also to disclose "all changes made in the investments and assets since they were acquired or since the date of the last account, together with the dates when the changes were made." Dickerson v. Camden Trust Company, 1 N.J. 459, 464 (Sup. Ct. 1949). The requirements of the rule should be obeyed in the present accountings.
Such a statement is now regarded as a part of the account. P.L. 1947, c. 398, p. 1250, § 1, R.S. 3:10-18. This statute governs the effect of the allowance of the account in such circumstances, and it would seem to be applicable to intermediate as well as final accounts. Van Buren v. Plainfield Trust Co., 130 N.J. Eq. 244 (Ch. 1941).
"In any event, to obtain that `repose' to which a fiduciary is of right entitled (In re Rothenberg's Trust, 129 N.J. Eq. 377), the fiduciary should be required to make a full and complete disclosure of pertinent investment facts." Dickerson v. Camden Trust Co., 140 N.J. Eq. 34, on page 51 (Ch. 1947). See In re Oathout's Estate, 25 N.J. Misc. 186 (Essex Orphans' Ct. 1947).
The executors of the estate of Adrienne W. Sheridan, deceased, and the trustees of her inter vivos trust of 1935 reasonably apprehend that a federal estate tax as well as a New Jersey transfer inheritance tax will be levied upon the assets which comprised the inter vivos trust. The trustees of the inter vivos trust therefore inquire relative to their liability, if any, to reimburse the executors of the decedent's estate for that portion of the federal estate tax assessed upon the transferred corpus of the inter vivos trust. Parenthetically I may *580 state that no incertitude exists with respect to the New Jersey transfer inheritance taxes.
Perhaps a present determination of the subject of inquiry is premature. Morristown Trust Co. v. Childs, 128 N.J. Eq. 524, 532 (Ch. 1940). Since, however, counsel in their briefs (in C-175-49) have fully exhibited the diversity of their contentions, I shall not postpone an expression of my opinion.
A comprehensive survey of the pertinent adjudications reveals that in the absence of a controlling statute or of a contrary testamentary direction, the full burden of federal estate taxes has been determined to fall upon the residuary estate of the testator.
It was observed that in many cases this ruling necessitated manifestly inequitable and unjust consequences. Congress in recent years has undertaken to alleviate the effect of some of the resultant inequalities by providing for equitable apportionments in certain specified circumstances. The Internal Revenue Code, Sec. 826 (c) (d) now provides that, unless the decedent has directed otherwise in his will, life insurance beneficiaries and recipients of property over which the decedent had a power of appointment shall bear such portion of the estate tax as the value of the property received by them bears to the net estate of the decedent and the amount of the exemption allowed in computing the net estate for federal estate tax.
In general, however, the desirability of equitable apportionment has been left within the legislative province of the individual states. New York was, I think, the first state to enact a statute relating to the proration of federal estate taxes among the distributees of an estate. My hasty research indicates that at least eleven other states have enacted comparable statutes. I have noticed that Senator Clapp of Essex County has recently introduced such a bill in our Legislature. 73 N.J.L.J. 81, 85 (March 16, 1950).
Of the adjudications of other jurisdictions I pause to cite New York Trust Co. v. Eisner, 256 U.S. 345, 65 L.Ed. 963 (U.S.S.C. 1921); Riggs v. Del Drago, 317 U.S. 95, 63 *581 S.Ct. 109, 110, 87 L.Ed. 106 (U.S.S.C. 1942); Plunkett v. Old Colony Trust Co., 233 Mass. 471, 124 N.E. 265 (Sup. Jud. Ct. 1919); Taylor v. Jones, 242 Mass. 210, 136 N.E. 382 (Sup. Jud. Ct. 1922), certiorari denied, Jones v. Taylor, 260 U.S. 742, 43 S.Ct. 99, 67 L.Ed. 491; Dexter v. Jackson, 245 Mass. 333, 140 N.E. 267 (Sup. Jud. Ct. 1923); Bemis v. Converse, 246 Mass. 131, 140 N.E. 686 (Sup. Jud. Ct. 1923); In re Hamlin, 226 N.Y. 407, 124 N.E. 4 (Ct. of App. 1919); Farmers' Loan & Trust Co. v. Winthrop, 238 N.Y. 488, 144 N.E. 769 (Ct. of App. 1924); Matter of Oakes, 248 N.Y. 280, 162 N.E. 79 (Ct. of App. 1928); Matter of Del Drago's Estate, 287 N.Y. 61, 38 N.E. 2d 131 (Ct. of App. 1941); Rogan v. Taylor, 136 F.2d 598 (CCA9 1943); Amoskeag Trust Co. v. Trustees of Dartmouth College, 89 N.H. 471, 200 A. 786 (Sup. Ct. 1938); Ericson v. Childs, 124 Conn. 66, 198 A. 176 (Sup. Ct. of E. 1938); Central Trust Co. v. Burrow, 144 Kan. 79, 58 P.2d 469 (Sup. Ct. 1936); Hazard v. Board of Tax Comm'rs., 43 R.I. 431, 444, 113 A. 469 (Sup. Ct. 1921). Cf. Hooker v. Drayton, 33 A.2d 206, 210 (R.I. Sup. Ct. 1943). 1 Paul Federal Estate & Gift Taxation 476, § 9.26; 1 Polisher, Estate Planning & Estate Tax Saving 350, c. XVI.
It is necessary to examine the experience of the courts of our own State in this field of decisional law. A general survey should perhaps encompass an acquaintance with the decisions in Righter v. Fidelity Union Trust Co., 110 N.J. Eq. 169 (Ch. 1932); Gaede v. Carroll, 114 N.J. Eq. 524, 531 (E. & A. 1933); Turner v. Cole, 118 N.J. Eq. 497 (E. & A. 1935); Commercial Trust Co. v. Millard, 122 N.J. Eq. 290 (Ch. 1937); Fidelity Union Trust Co. v. Hall, 125 N.J. Eq. 419 (Ch. 1939); Fidelity Union Trust Co. v. Suydam, 125 N.J. Eq. 458 (Ch. 1939); Rippel v. King, 126 N.J. Eq. 297 (Ch. 1939); affirmed, 128 N.J. Eq. 179 (E. & A. 1940); Morristown Trust Co. v. Childs, 128 N.J. Eq. 524 (Ch. 1940); Marks v. Equitable Life Assurance Society, 135 N.J. Eq. 339 (Ch. 1944); Palmer v. Palmer, 135 N.J. Eq. 516 (Ch. 1944); Commercial Trust Co. of New Jersey v. Thurber, *582 136 N.J. Eq. 471 (Ch. 1945); affirmed, 137 N.J. Eq. 457 (E. & A. 1946); Phraner v. Stone, 137 N.J. Eq. 284, 293 (Ch. 1945); Hackensack Trust Co. v. Ackerman, 138 N.J. Eq. 244 (Ch. 1946); Montclair Trust Co. v. Spadone, 139 N.J. Eq. 7 (Ch. 1946); Fidelity Union Trust Co. v. Laise, 142 N.J. Eq. 366, 379 (Ch. 1948); Bankers Trust Co. v. Hess, 2 N.J. Super. 308 (Ch. 1949); Goldman v. Goldman, 2 N.J. Super. 412 (Ch. 1949); National State Bank of Newark v. Morrison, 7 N.J. Super. 333, 343 (Ch. 1949).
There has emerged from the procession of the decisions just cited the firmly established principles that the federal estate tax is to be distinguished from a legacy and succession tax. The former is imposed upon the transfer of the "net estate." 26 U.S.C.A., § 810. It is to be paid out of the residuum of the estate before distribution, and subject to the statutory exceptions heretofore mentioned and another to be presently noted it constitutes a pecuniary burden imposed upon the estate without reimbursement by the legatees, devisees, or distributees. In summary the state transfer inheritance tax assessed against a testamentary transfer is ultimately payable by the recipient of the beneficial interest therein, whereas the federal estate tax is imposed on the devolution of property from a decedent at and by reason of his death and unless otherwise governed by statute or by the directions of the decedent's will, it is payable out of the decedent's residuary estate.
Some of the foregoing decisions display examples of an express or implied testamentary intention to relinquish the residuary estate from the burden of federal estate taxes. Such a testamentary intention is respected. The rule has been developed that a testator's express direction to pay certain taxes out of the residue of his estate generates the implication that a different or other tax was not intended to be paid out of residue but charged on the property in respect to which it is levied.
In the present case the testatrix directed that "all my just debts and funeral and testamentary expenses be paid and *583 discharged as soon after my decease as may be practicable." I am unable by means of any reasonable interpretation to ascribe to the direction to pay "testamentary expenses" that discriminative import with respect to taxes essential to the implication that federal estate taxes levied upon the corpus of the inter vivos trust were to be charged to that trust. To avoid the general rule of law, the testamentary direction in the will must be clear and unequivocal, and hence something more than the ritualistic and conventional direction to pay debts, funeral, testamentary, and administration expenses. In re Walbridge's Will, 170 Misc. 127, 9 N.Y.S.2d 907 (Surrogate's Ct. 1939).
My attention has been particularly invited to the decision in Fidelity Union Trust Co. v. Hall, supra. In so far as it relates to reimbursement from the inter vivos trust estate of the federal estate tax thereon in the absence of the exceptions, that ruling is now discordant with the conspicuous weight of authority and must be regarded as erroneous. See the later opinion of the same learned Vice-Chancellor in Morristown Trust Co. v. Childs, supra.
The trustees of the inter vivos trust are accordingly advised that they are not obligated to reimburse the executors of the decedent's estate from the trust for any portion of the federal estate tax.