14 N.J. Super. 300 (1951)
81 A.2d 822
MARY A. VONDERMUHLL, GEORGE A. VONDERMUHLL, OLIVER C. REYNOLDS, EXECUTORS OF THE WILL OF ALFRED E. VONDERMUHLL, DECEASED, PLAINTIFFS,
v.
MONTCLAIR TRUST COMPANY, TRUSTEE, AND GEORGE A. VONDERMUHLL, SUCCESSOR TRUSTEE, ETC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 1, 1951.
*302 Messrs. Schenck, Price, Smith and King (Mr. Edward L.C. Vogt appearing), attorneys for plaintiffs.
Mr. G. Bertram Woodruff, attorney for defendants.
Messrs. Homan, Phillips and Gold (Mr. Maurice E. Gold appearing), for J. Albert Homan, guardian ad litem.
McLEAN, J.S.C.
This is a suit brought by the executors of the estate of Alfred E. Vondermuhll against the trustees and beneficiaries of a trust created on August 19, 1931, by Mary A. Vondermuhll, seeking reimbursement from the trust for federal estate taxes and interest and New Jersey estate taxes which the executors are required to pay by reason of the inclusion of the trust in the taxable estate of the decedent.
The essential facts which have been stipulated by the parties in the pretrial order are as follows:
Alfred E. Vondermuhll died a resident of Monmouth County on June 5, 1947, leaving a will, admitted to probate by the surrogate of Monmouth County, in which he named the plaintiffs executors.
On July 17, 1920, Alfred Vondermuhll had executed a trust agreement providing in essence for a life estate for his mother, Anna Vondermuhll-Hoffman, with a reversion in himself. By agreement of all of the interested parties this trust was revoked on August 18, 1931, and all of the assets were turned over to Mary A. Vondermuhll, the wife of *303 Alfred E. Vondermuhll. On the next day she created a trust providing for a life estate for Anna Vondermuhll-Hoffman, a remainder for life in herself, and remainders over for life in part to Alfred E. Vondermuhll, and in part to the three children of Alfred E. Vondermuhll, who are defendants in this action but who have not answered. This agreement further provides for a general testamentary power of appointment of the remainder for each child with gifts over to those persons who would take under the intestate laws of New Jersey in the event of failure to exercise the power of appointment. Those persons are the spouses of the three children who are also defendants in this action and have defaulted, and the minor children of the three children who are also defendants and are represented in this action by a guardian ad litem.
The plaintiffs filed a New Jersey inheritance tax return, paying a small tax of $21.31, and a federal estate tax return showing no tax to be due. In the audit of the federal estate tax return, however, the value of the assets in the trust of August 19, 1931, $451,941.82, was included in the taxable estate on the ground that it represented the exercise of a power of appointment reserved in the July 17, 1920 trust, or in the alternative as a transfer intended to take effect in possession or enjoyment at or after death, since in either case the decedent was deemed to be the grantor of the trust. The other taxable assets in the net estate included life insurance amounting to $42,976.28 and a general estate of $10,572.85, a total of $53,549.13. With the trust included the net taxable estate was found to be $505,491.45. The inclusion of this trust in the decedent's taxable estate resulted in a deficiency tax assessment of $118,037.60. Interest at the rate of six per cent per annum is running on this tax from September 5, 1948.
The taxing of this trust resulted also in the bringing into being of a New Jersey estate tax in the amount of $10,219.66. Both the New Jersey estate tax and the federal estate tax deficiency with interest remain unpaid.
*304 The right of executors to contribution for death taxes paid by them on assets not passing under the will has been the subject of much litigation in New Jersey. As a result of this litigation there has arisen the general proposition that such taxes are payable from the residuary estate unless the will provides otherwise. See Goldman v. Goldman, 2 N.J. Super. 412, 418 (Ch. Div. 1949).
In determining whether a testator has indicated an intention that the taxes shall not be payable entirely from his residuary estate, but shall be apportioned among the various beneficiaries, the courts have most frequently found such an intention where the testator has provided for the payment from his residuary estate of taxes on certain items, but has not mentioned other items. The rationale of these decisions is that the testator by specifying that certain taxes shall be paid from his residuary estate intended that other taxes or taxes on other assets should not be paid by his residuary estate. The leading cases on this subject are Gaede v. Carroll, 114 N.J. Eq. 524 (E. & A. 1933); Commercial Trust Co. v. Millard, 122 N.J. Eq. 290 (Ch. 1937); Fidelity Union Trust Co. v. Suydam, 125 N.J. Eq. 458 (Ch. 1939); Morristown Trust Co. v. Childs, 128 N.J. Eq. 524 (Ch. 1940); Commercial Trust Co. of New Jersey v. Thurber, 136 N.J. Eq. 471 (Ch. 1945), affirmed 137 N.J. Eq. 457 (E. & A. 1946); Brauburger v. Sheridan, 7 N.J. Super. 576 (Ch. Div. 1950).
The question of contribution has most frequently arisen in three situations: (1) where decedent and his wife owned real estate as tenants by the entirety; (2) where decedent left life insurance payable to a named beneficiary; and (3) where gifts (particularly inter vivos trusts) have been included in the taxable estate as having been made in contemplation of death or to take effect at or after death.
Gaede v. Carroll, supra, involved both life insurance and a tenancy by the entirety; Morristown Trust Co. v. Childs involved inter vivos trusts. The principle running through all of these cases has been well stated by Judge Jayne in *305 Brauburger v. Sheridan, supra, at page 582: "The rule has been developed that a testator's express direction to pay certain taxes out of the residue of his estate generates the implication that a different or other tax was not intended to be paid out of residue but charged on the property in respect to which it is levied."
In this case the will refers to the payment of taxes three times, once in paragraph Second where certain personal property is bequeathed to decedent's wife "free of all inheritance taxes," again later in the same paragraph where a gift over of the same property is to be "free of all inheritance taxes," and finally in paragraph Third where testator devises all real property to his wife "free of all inheritance taxes." In paragraph Fourth decedent appointed to his wife all property over which he had a power of appointment but made no mention of the payment of taxes thereon and nowhere in his will is mention made of the payment of taxes on any trust property or life insurance.
Having specified that certain property should pass to the beneficiaries "free of all inheritance taxes," testator must have intended other property to bear its proportionate share of any taxes levied. This conclusion is fortified by the fact that the tax alone is far greater than the entire value of the residuary estate  so much greater that overestimation of the estate seems unlikely  and therefore testator must not have contemplated the payment of this tax from his residuary estate. See Morristown Trust Co. v. Childs, supra, at pages 531-532.
The formula for computing the amount of tax and interest due from the residuary estate, the life insurance beneficiary and the trust is set forth in the Childs case, at page 532. Each must bear such part of the federal and New Jersey estate tax and interest as is represented by the proportion of the total tax that the value of the assets in each category bears to the total assets entering into the total tax.
As applied to this decedent's will, the trust of August 19, 1931, must contribute to the total federal and New Jersey *306 estate taxes, its proportionate share amounting to $114,661.49, plus interest at six per cent from September 5, 1948, on the federal estate tax. The tax and interest chargeable to the trust should be paid wholly from the corpus of the trust.
As was pointed out by Vice-Chancellor Buchanan in Morristown Trust Co. v. Childs, supra, at page 534, the liability of the trustee to the executor for taxes levied as a result of the inclusion of the trust in the taxable estate falls primarily on the corpus of the trust estate. The court was there considering the contention of the charitable remaindermen that the tax to be paid by the trust should be paid from income rather than corpus because under the federal statute the value of the charitable remainders was deductible from the gross estate in computing the tax and therefore no part of the tax burden should be borne by the charities. The court rejected this contention by the charitable remaindermen, holding that the federal estate tax is a tax on the estate before distribution  hence a tax on corpus  and in the absence of statutory or testamentary provisions to the contrary, the charities are not entitled to exoneration.
In this case, while charitable remainders are not involved, nevertheless the principle involved is substantially the same. The federal estate tax  and the New Jersey estate tax is clearly in the same category  is a tax on corpus. The interest on that tax under the provisions of the Internal Revenue Code (U.S.C.A., Title 26, §§ 891, 893) is a part of the tax and as a part of the tax likewise falls on corpus.
In a related problem arising under the New Jersey inheritance tax statute our courts have arrived at a similar result. In In re Diehl's Executor, 88 N.J. Eq. 310 (Prerog. 1917), and again in Gates v. Plainfield Trust Co., 121 N.J. Eq. 460 (Ch. 1937), affirmed 122 N.J. Eq. 366 (E. & A. 1937), the question presented was whether the inheritance tax on a life estate created under the will should be paid from income or corpus. The court held that the tax should be paid from corpus and the language of the court in the Diehl case indicates *307 that it contemplated that interest should also be paid from corpus. At page 313 in the Diehl case the court says: "If the executor cannot resort to the principal of the trust fund to pay such taxes, and should the income that may have accumulated be insufficient for the purpose, the executor in order to pay the tax from income would, in violation of the plain provisions of the will, have to withhold the income from the life tenant until a sufficient sum had accumulated to pay the tax and the penalty of ten per cent, incurred in the meantime for failure to pay the same when due."
The equitable principles which were applied in these cases would seem to apply here also. The interest which has accrued and is accruing on this tax is such a large amount as to deprive the life tenant substantially of a full year's income were the tax to be levied against her. Her children, who have the complete power of disposition of the remainder, cannot be heard to complain since they have defaulted. Furthermore, the life tenant of this trust was in fact the grantor of the trust although in contemplation of the tax law decedent was the grantor. In either case the primary beneficiary of the trust was the life tenant, Mary A. Vondermuhll, after the death of Anna Vondermuhll-Hoffman, and under the circumstances of the imposition of this tax equity would dictate that she should not suffer, but that the trust assets should bear the burden. The net result in any event will inevitably be severe shrinkage in income because of the levying of this tax.
Because of the difficulties which have arisen over the question of apportionment generally, the Legislature has recently enacted a statute dealing with this subject and while the statute is prospective by its terms and does not apply to this case, nevertheless it gives an indication of the law as it existed prior to the adoption of the statute. In dealing with the payment of interest this statute provides: "* * * and (iv) any interest resulting from late payment of the tax shall be apportioned in the same manner as the tax and shall be charged by the fiduciary and any trustee of any inter vivos *308 trust and any other transferee wholly against corpus." (R.S. 3:26-48).
Plaintiffs are entitled to receive from defendants, Montclair Trust Company and George Vondermuhll, trustees, etc., contributions to the federal and New Jersey estate taxes and interest, which plaintiffs are called upon to pay by reason of the inclusion of the trust in the taxable estate for federal estate tax purposes. This contribution is the proportion of the total taxes and interest that the value of the trust assets bears to the value of the total net estate including the trust assets. All of the contribution for both the taxes and interest should be paid wholly from the corpus of the trust.