49 N.J. Super. 95 (1958)
139 A.2d 138
IN THE MATTER OF THE ESTATE OF VICTOR H. BERMAN, DECEASED.
Superior Court of New Jersey, Hudson County Court, Probate Division.
Decided February 17, 1958.
*96 Mr. Truman H. Luhrman, attorney for the plaintiffs.
Mr. Arthur C. Mullen, guardian ad litem, pro se.
DUFFY, J.C.C.
In this action plaintiffs-executors seek instruction as to whether decedent's will requires the apportionment of federal estate taxes among transferees of property included in the gross taxable estate, but not passing under the will. Plaintiffs urge that the will contains a direction of non-apportionment, bringing it within the exceptions set forth in N.J.S. 3A:25-30 through 38, inclusive. The guardian ad litem, appointed to represent the decedent's two grandchildren in this proceeding, takes the position that the aforesaid non-testamentary transfers are not excepted from the aforesaid statute requiring apportionment.
Decedent died in 1953 leaving a gross federal estate of more than $2,000,000. His last will, executed July 25, 1948 and ratified by codicil July 19, 1951, after bequests to collateral kin amounting to $9,000, left the residue in trust, one-half to his widow for life and one-half in two equal parts to his two daughters for life. Approximately $300,000 of the gross federal estate represented inter vivos transfers to decedent's wife and daughters. The transfers, consisting of sundry items, including inter vivos trust indentures, savings bonds held jointly, life insurance proceeds, a house owned as tenants by the entirety, and gifts held by the taxing authorities to be in contemplation of death, occasioned a tax of $46,928.59 out of the total estate tax *97 of $277,327.47, after application of the marital deduction. It is of the former amount that the guardian ad litem contends reimbursement to the estate is required of the transferees.
Both parties agree that republication of the will in 1951 brought it within the effective date of N.J.S. 3A:25-30 etc., namely January 1, 1951. This statute requires apportionment in cases of taxed non-testamentary transfers "* * * except in a case where a testator otherwise directs in his will * * *." It also limits the operation of any direction as to apportionment or non-apportionment of tax to the property passing under a will or other instrument "unless such will or instrument otherwise directs."
The sole concern here is to determine whether the instant will "otherwise directs."
Paragraph Tenth of the will provided as follows:
"I direct that all estate, transfer, legacy and succession taxes of every kind which shall be imposed by the United States of America or any State thereof, or any country of the world or other political subdivision thereof, in respect of my property and estate disposed of by me whether under this my will or any other conveyance made by me, or in respect of the bequests and devises made by me under this, my Will, shall be paid out of my Residuary Estate after the trust for the benefit of my wife shall be set up as provided in paragraph Fifth of this Will as part of the expenses of the administration and settlement of my estate."
Extracting all the language of the paragraph pertinent to our inquiry it reads as follows:
"I direct that all * * * taxes * * * in respect of my property and estate disposed of by me, whether under this, my will or [under] any other conveyance made by me * * * shall be paid out of my Residuary Estate * * * as part of the expenses of the administration of my estate."
The guardian ad litem would restrict "any other conveyance" to a deed for real property. With this I cannot agree.
Coupling the term "will" with "any other conveyance" indicates that the operative effect of each were equated in *98 testator's mind. "Any other" connotes "other such like" conveyance. To deny the transfer of personalty by a "conveyance" as used in the will would contort testator's intent by a narrow, legalistic interpretation of a word isolated from its content. The term "convey," although usually applied to real estate, is very comprehensive in its meaning, and implies a transfer, and assignment of personal property also. Leaycraft v. Hedden, 4 N.J. Eq. 512, 552 (Ch. 1845). It is of interest to note, too, that the Legislature in the act relating to fraudulent conveyances, speaks of conveyances of "goods, chattels and things in action."
I therefore conclude that the testator directed in his will that estate taxes on property passing both under and outside his will be paid out of the residuary. And from this I further conclude a direction as to non-apportionment within the statutory exception.
In Vondermuhll v. Montclair Trust Co., 14 N.J. Super. 300, 304 (Ch. Div. 1951), the court stated as follows:
"The right of executors to contribution for death taxes paid by them on assets not passing under the will has been the subject of much litigation in New Jersey. As a result of this litigation there has arisen the general proposition that such taxes are payable from the residuary estate unless the will provides otherwise. See Goldman v. Goldman, 2 N.J. Super. 412, 418 (Ch. Div. 1949)."
The decision in that case did not involve an application N.J.S. 3A:25-30 etc. In fact, the statute makes the transferees and not the residuary estate ultimately liable for the tax unless the will provides otherwise. Nevertheless, the above-quoted language spells out the legal proposition that a direction to pay from the residuary estate is the antithesis of contribution for, or apportionment of, estate taxes due on assets not passing under the will, so that an unqualified direction to pay from the residue is a direction not to apportion as to the taxable property comprehended within the direction.
Had there been any doubt concerning testator's intent in regard to apportionment of federal taxes, under paragraph *99 Tenth of the will, it would be clarified by an examination of the will and the surrounding circumstances. The decedent, a wealthy man, provided generously during his lifetime for his wife and two daughters. The inter vivos transfers in question, as well as a testamentary disposition almost exclusively in their favor, evidence the paramount position they enjoyed in his estate planning. Apart from his oral declarations of testamentary intent which would appear plainly inadmissible in this proceeding, there was a sufficient background of facts stipulated to indicate that apportionment directed against decedent's three nearest and dearest would have served only to frustrate in part his well-conceived over-all design of benefaction. Although the case of Morristown Trust Co. v. McCann, 19 N.J. 568 (1955), did not involve the apportionment statute, the decision therein concerned a factual situation not greatly unlike that of the instant case. The principles there enunciated merely confirm the results of our above finding of an explicit direction of non-apportionment within the statute.
One subsidiary problem is presented by reason of the fact that certain of the inter vivos trust indentures contained tax clauses providing for the payment of estate taxes due against such trust property. But such provisions could not prevent the decedent from making different and superseding provisions in that respect by means of a later will. And it was this course of action that he followed in his 1948 will, changing the language of the tax clause appearing in three prior wills by adding "or any other conveyance."
It is my opinion that testator's intention as expressed in the will was the payment from the residuary of all taxes due on the gross taxable estate without apportionment.
I will sign an appropriate judgment.